Anna L. Lyon, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 42,227.

Heard in the third division of this court for the first district at the April term, 1942. Opinion filed July 3, 1942.

HOYNE, O'CONNOR, RUBINKAM & MELANIPHY, of Chicago, for appellant; NATHANIEL RUBINKAM and JOHN C. MELANIPHY, both of Chicago, of counsel.

HARRY GEORGE, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On August 16, 1928, the Metropolitan Life Insurance Company issued a policy on the life of Waldo O. Lyon in the sum of $5,000 with a provision for double indemnity in the event of accidental death. He died on February 1, 1935, while the policy was in force. Anna L. Lyon, his mother and chief beneficiary under the

policy, filed a complaint in the circuit court of Cook county alleging that his death was caused by accidental means. Paragraphs 6 and 7, being the concluding paragraphs of her complaint, read:

"(6) That the plaintiff herein has made a demand upon the defendant to pay the sum or sums of money due her under and in accordance with the provisions of said Policy of insurance, but that said payments have been refused; that the defendant, although requested, has failed to pay plaintiff the sum due on said Policy of insurance or any other sum or sums whatever.

"(7) Plaintiff incorporates herein and attaches hereto a photostat copy of the Policy of insurance sued upon, and asks judgment for the sum of Ten Thousand Dollars ($10,000.00), together with interest at the rate of six per cent (6%) per annum on said amount from the 1st day of February, A. D. 1935." The cause was transferred from the circuit court of Cook county to the District Court of the United States for the Northern District of Illinois. Issue was joined. Upon a trial before the court and a jury, a verdict was returned in plaintiff's favor, assessing her damages at $9,768.45. On May 5, 1938, the district court entered judgment on the verdict. Upon appeal to the circuit court of appeals this judgment was affirmed. The judgment, statutory interest thereon from the date of its rendition to the date of payment, and the costs were duly paid. In an amended complaint at law filed in the circuit court of Cook county on November 25, 1941 by Anna L. Lyon against the Metropolitan Life Insurance Company, she alleged that she was the beneficiary under the policy on the life of Waldo O. Lyon; that he came to his death on February 1, 1935; that claim was duly made for payment of the benefits provided for in the policy; that during the month of May 1939, payment of the principal amount due as provided in the policy was duly made by the defendant;

that the defendant failed and refused to make payment of the interest due on the benefits provided for in the policy as by statute in such case made and provided for the period between February 1, 1935 and April 8, 1940, in the sum of $2,900, for which she asked judgment. Answering the amended complaint, defendant admitted the issuance of the policy, the death of the assured and the making of the claim. It further alleged (1) that all matters in controversy were adjudicated in the case tried in the District Court of the United States; that the jury rendered a verdict in favor of plaintiff and assessed plaintiff's damages at the sum of $9,768.45, upon which verdict judgment was entered on May 5, 1938; that the judgment was affirmed in the circuit court of appeals on February 2, 1939, and the defendant paid to the plaintiff and the plaintiff accepted the amount of said judgment, interest and costs assessed in said courts, and defendant received (a) a satisfaction of judgment; (b) a release executed by the plaintiff releasing defendant from any and all claims, a copy of which release was attached to the answer; and (c) release of attorneys' liens executed by the attorneys representing plaintiff; that the satisfaction of judgment was filed in the district court on April 14, 1939; and that the judgment, interest and costs stand satisfied of record; (2) that the defendant is not indebted to the plaintiff for interest on benefits of said policy between February 1, 1935 and April 8, 1940, or any other period prior to the entry of the judgment; (3) that on April 17, 1939 the defendant deposited the amounts necessary to pay said judgment, interest thereon and costs with the Chicago Title & Trust Company under an escrow agreement with plaintiff, and plaintiff received from said escrowee the proceeds thereof in April 1939; and (4) denied liability in any sum. Plaintiff filed a reply admitting the genuineness of the release but denying that payment was made to her of statutory interest

on the benefits of the policy. She further alleged that the judgment referred to in the answer did not include statutory interest; and that there remained unpaid upon the policy at the time of the verdict the sum of $9,768.45 because there was a loan against the policy in the sum of $231.55. Her reply also alleged that the release was without consideration and she again claimed statutory interest. The case was tried by the court without a jury, and a finding and judgment was entered in favor of plaintiff in the sum of $1,477.69, from which defendant appeals.

After the judgment of the district court was affirmed by the circuit court of appeals, Emmet J. Cleary, the attorney who tried the case for plaintiff, made a demand on defendant's atttorneys for the amount of the judgment with interest thereon at the statutory rate, and costs, and also for interest in the sum of $1,587.36 for the period prior to the rendition of judgment, that is, from the date of the death of Waldo O. Lyon on February 1, 1935 to the date of the judgment, May 5, 1938. This demand was refused. Several letters were written by Mr. Cleary to defendant's attorneys between February 21, 1939 and March 30, 1939. In the last letter plaintiff refused to accept the sum of $10,155.10 offered by the defendant, which included the amount of the judgment, interest thereon and costs. Because of a dispute as to the fees arising between various attorneys representing plaintiff and their claims for attorneys' liens, an escrow was entered into between plaintiff and defendant with the Chicago Title & Trust Company, as escrowee. Under the agreement the attorneys for the insurance company deposited with the escrowee (1) check for $10,155.10, drawn by the insurance company payable to its attorneys and by them indorsed to the order of plaintiff and all of the attorneys claiming a right to share in the fee. This check was indorsed by plaintiff; (2) check for $70.60 drawn by the attorneys for

the insurance company payable to the order of plaintiff and her attorneys. This check was also then indorsed by plaintiff; (3) receipt of the clerk of the United States District Court for $157.07; (4) revised bill of costs in the United States District Court for $70.60; (5) notices of attorneys' liens claimed by Charles C. Cooley, Harry George, Emmet J. Cleary and letters of Harry J. Myerson. Attorney Emmet J. Cleary deposited: 1. Satisfaction of judgment in the district court; 2. Satisfaction of judgment in the circuit court of appeals. Mr. Cleary agreed to deposit: 1. Satisfaction as to attorneys' liens of the various attorneys; 2. Satisfaction of judgment as to costs taxed in the case originally filed in the circuit court of Cook county which was transferred to the district court. Plaintiff deposited the insurance policy and also deposited a general release under seal signed by her.

The escrow agreement further provided that when a judgment search was made and releases of the attorneys' liens were delivered to the escrowee, the latter was authorized to pay $5,107.55 to the plaintiff, and $157.07 to the attorneys for defendant. The balance of the fund was to be held subject to the approval of the Attorneys Cleary, Cooley, George and Myerson. The satisfaction pieces, release, releases of attorneys' liens and other documents were to be delivered to the attorneys for defendant. By check dated April 14, 1939, the escrowee paid out of the escrow $5,107.55 to plaintiff and Attorneys Cooley and George, after releases of attorneys' liens had been delivered by the attorneys to the escrowee. The satisfaction pieces were delivered by the escrowee and filed on April 14, 1939, with the clerk of the district court, one satisfying the judgment of $20 attorneys' fees, and another satisfying the judgment of $9,768.45 and costs. Plaintiff filed suit against Emmet J. Cleary and the escrowee in the circuit court after re-

ceiving and indorsing her check for $5,107.55. She averred that she only agreed to pay 25 per cent attorneys' fees. This suit was settled. On June 22, 1939 the escrowee paid out of the escrow funds by check the sum of $2,922.90 to Attorneys Myerson, Cooley and George, and on June 27, 1939, made payment by check to Emmet Cleary of the sum of $2,008.18. The check of defendant for $10,155.10 has the following provision above the signatures of plaintiff and her attorneys: ''The undersigned hereby acknowledges payment and release and discharges the Metropolitan Life Insurance Company from all claims under the policy designated on the face of this check.'' Plaintiff introduced in evidence a release dated February 23, 1939, executed by plaintiff and witnessed by Attorney Cleary and her son Clifford, whereby she released and forever discharged the defendant from any and all sums of money due her as beneficiary under the policy, and from all manner of actions, causes and causes of action, suits, debts, dues, sums of money, accounts, specialties, covenants, contracts, controversies, agreements, promises, variances, damages, judgments, executions, claims and demands whatsoever which she has against it or ever had.

Defendant urges that the judgment entered in the District Court of the United States is conclusive of all matters arising out of the insurance policy, including any claim for interest. Plaintiff bases her claim on section 2 of the Interest Act (sec. 2, ch. 74, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 67.02]) which provides that ''creditors shall be allowed to receive interest at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing; . . . .'' In the trial court she successfully maintained her position that she was entitled to statutory interest at the rate of 5 per cent per annum on the amount due under the policy from the day her

son died until judgment was entered in the district court. She points out that the claim for the amount payable under the policy was a claim arising out of the insurance contract, and that the claim in the instant case for interest does not arise out of the insurance contract, but out of the statute, and insists that the causes of action are separate and distinct. She seeks to repel defendant's contention that the doctrine of *res judicata* and verdict by estoppel, apply. She asserts that while the prayer for relief in the district court asked for judgment for $10,000 together with interest at 6 per cent per annum, interest was not otherwise mentioned in the complaint; that the prayer was not for interest at 5 per cent per annum arising out of the statute, but was for interest on the contract itself and that the contract did not in fact provide for the payment of any interest. She argues that the interest prayed for could not be allowed on the allegations of the complaint, and states that the judge who presided over the trial in the district court (Judge WOODWARD) did not instruct the jury regarding interest, and that no evidence was introduced as to the amount of interest to which plaintiff was entitled. We are, therefore, asked to determine whether the doctrine of *res judicata* or estoppel by verdict applies to the factual situation before us. Disregarding for the moment the proposition presented as to whether plaintiff in any event had the right to sue separately for the statutory interest on the basis that such suit was a separate cause of action, we will address ourselves to the proposition as to whether she did sue for interest in the district court. In order to determine whether she did claim interest in the district court, it is necessary to revert to the record of that case. The relief which she was asking is best ascertained by a reading of her complaint in that case. In paragraph 6 of the original complaint plaintiff recited that she made a demand upon defendant to pay the

súm or sums of money due in accordance with the provisions of the policy, but that payment was refused, and that defendant failed to pay her the sum due her on the policy, or any other sum or sums whatever. In the last paragraph plaintiff stated that she was incorporating and attaching to the complaint a photostat copy of the policy and asked judgment for $10,000 "together with interest at the rate of 6 percent per annum on said amount from the 1st day of February, A. D., 1935." She was represented by able counsel. It was, of course, their duty to read the policy and to acquaint themselves with the law pertaining to the case before the complaint was filed, and we do not doubt that they did so. Having read the policy on which that action was based, these attorneys knew that such policy did not provide for the payment of interest. Nevertheless, they ask for interest. While the applicable statute (sec. 2, ch. 74, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 67.02]) provides for the payment of interest in such cases at the rate of 5 per cent per annum, the fact that plaintiff asked for 6 per cent would not affect the right of the jury and the court to award her interest at the rate of 5 per cent per annum. It will be observed that the complaint is silent as to the basis on which the interest was to be allowed. What stands out, however, is that she was asking for interest and that her attorneys knew that the policy did not provide for the payment of interest. It would follow that they knew that the interest claimed not being payable by contract, would have to be payable by virtue of the statute. Plaintiff points out that the jury in the district court arrived at the verdict in her favor of $9,768.45 by deducting from the $10,000 payable under the double indemnity feature of the policy, the sum of $231.55, the amount of the loan, plus interest on such loan made to the insured and charged against the policy. She points out that this clearly shows that the jury in the district court did not award any in-

terest. It is interesting to note that Attorney Cleary, who tried the case in the federal court for plaintiff, called as a witness by plaintiff, testified without objection that ''I had previously gone into the question of interest by going out and soliciting five or six of the jurors. Judge Woodward told me that the jury considered interest; so I went out to Wheaton and Aurora, and I talked to some of the jurors and they insisted that they had considered the question of interest. I believe in one of those letters to Mr. Rubinkam [one of the attorneys for defendant] I cite that, because my conviction was that if I could go in before Judge Woodward on a sworn statement of the jurors that interest was not considered, I could be allowed interest.'' From this it appears that the attorney who tried the case for plaintiff inquired of Judge Woodward and some of the jurors as to whether they considered the question of interest, and that he was informed by the judge and the jurors that they had considered that question. Mr. Cleary testified that he made inquiry of the jurors so that if they answered that they had not considered interest he could go before the judge with a sworn statement that interest had not been considered and use that as the basis for a motion that interest be allowed. Defendant filed a motion for a new trial in the district court. Before judgment was entered, plaintiff had a right to ask that interest be allowed. Apparently, after ascertaining that interest had been considered, plaintiff's attorney decided to allow the judgment to be entered in accordance with the verdict. Defendant appealed and the judgment was affirmed. Had plaintiff in that case desired to have the court pass on her right to interest as she claimed in her complaint, she could have made an appropriate motion for that purpose and obtained a ruling. The rule in Illinois and in Federal Courts is that all defects in pleadings not objected to in the trial court shall be deemed to be waived. If the de-

fendant in the district court felt that the allegations of the complaint did not contain sufficient allegations to warrant a claim for interest, it could have moved to strike that part of the complaint, or to require plaintiff to allege the ultimate facts on which she based her claim for interest. So far as the record shows, defendant did not make such a motion. We do not see how plaintiff can complain because defendant did not object to her pleading. The jury clearly had the right to award interest to her. If the jury did not do so, that would be an error about which she had a right to complain. She chose not to complain. Her claim for interest, however, was not withdrawn from the consideration of the jury. According to the testimony of Mr. Cleary, the jury did consider the matter of interest. Had the jury returned a verdict allowing plaintiff the sum of $9,768.45, plus interest at the rate of 5 per cent per annum from the time of the death of her son, defendant would not have been in any position to complain, not having objected to the pleading. In view of the factual situation disclosed by the record, we are of the opinion that the judgment entered in the district court is conclusive of all matters arising out of the insurance policy, including the claim for interest, which was included in that case and considered by the court and jury.

Defendant also argues that plaintiff cannot split her cause of action by suing for damages upon the contract and later suing for interest upon the amount of damages assessed in that action; that the payment of the judgment, interest thereon and costs completely discharged all obligations owed to plaintiff by defendant; and that the release under seal executed by plaintiff and delivered to defendant at the time of the payment of the sums due, is a further bar to the action and is not subject to attack in a court of law. In view of our determination that the judgment entered in the

District Court of the United States bars the instant action, it is unnecessary for us to consider the other points urged by plaintiff.

For the reasons stated, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to enter a judgment for costs for the defendant and against plaintiff.

*Reversed and remanded with directions.*

HEBEL and KILEY, JJ., concur.