Workmen's Lumber & Construction Co., an Illinois Corporation, d/b/a Workmen's Construction Company, Plaintiff-Appellant, v. Ulysses Martin and Rebecca Martin, Defendants-Appellees.

Gen. No. 52,609.

First District, Fourth Division.

March 11, 1970.

Mitchell Edelson, Jr., of Chicago (Dennis Cunningham, of counsel), for appellant.

Lawrence S. Adler and Karl Schelly, of Chicago, for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

This is an appeal from a judgment dismissing plaintiff's cause of action because of res judicata.

The litigation had its origin from a contract wherein defendants agreed to have plaintiff construct an addition to their home for the sum of $3,500. Defendants executed a promissory note for the amount agreed upon, plus interest, payable over a five-year term. Work was commenced but interrupted and the parties entered upon litigation.

Plaintiff filed a Claim and Cognovit on the promissory note on June 29, 1962 and a judgment by confession was entered in the amount of $3,757.50. In order to obtain a wage deduction order, plaintiff served defendants with a Summons in Confirmation. Ill Rev Stats, c 62, § 82 (1963). This section provides, inter alia, that a judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process, by trial de novo, as if such confession of judgment had not been obtained.

After a hearing on December 7, 1962, an order was entered denying confirmation, vacating the judgment and dismissing defendants' counterclaim.

On January 3, 1964, plaintiff filed a complaint and subsequently an amended complaint alleging breach of contract and seeking damages and also recovery on quantum meruit and quantum valebant. Defendants' answer denied that plaintiff performed in accordance with the provisions of the contract and further alleged that

353

the City of Chicago precluded further performance under the agreement because the work was being done in violation of the Building Code of the City of Chicago. As a further defense, defendants alleged that the instant litigation "should be dismissed, for the reason that a prior suit 62 M 41900, involving the same parties, subject-matter and issues herein, has been fully determined." Plaintiff's reply denied that the prior litigation 62 M 41900 was res judicata as to the instant litigation.

The cause came on for trial and at the close of plaintiff's case the court granted defendants' oral motion for a finding in their favor on the basis that the cause of action was barred by the doctrine of res judicata because of the proceedings between the parties which had resulted in the denial of confirmation of judgment by confession.

Plaintiff contends that the two actions do not share a controlling fact or issue material to their determination which afforded defendant the defense of res judicata and that the prior proceeding failed to adjudicate the rights in litigation in a final and conclusive manner on the merits.

OPINION

■ Defendants rely upon the proceeding to confirm the judgment by confession as a bar to the subsequent proceedings. However, the court in the confirmation proceedings vacated the judgment secured by confession but did not dismiss the cause of action. Thus there was no final order disposing of the litigation regarding the debt evidenced by the promissory note.

In People v. Board of Education Pawnee Tp. High School, 350 Ill 597, 601, 183 NE 633 (1932) the court said:

"Unless a proceeding affords adequate opportunity for an investigation and determination of the merits, the judgment rendered will not operate as a

354

bar to a subsequent suit upon the same cause of action. A judgment cannot be pleaded in bar of a subsequent action unless it is a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definite manner." (Cases cited.)

The court in the confirmation proceedings could have vacated the confession judgment because of technical or procedural defects in the complaint, notice, service, warrant of attorney, etc., or on the ground that the full amount was not due and owing, since the construction had not been completed.

In Schoenbrod v. Rosenthal, 36 Ill App2d 112, 116, 183 NE2d 188 (1962) this court said:

"The doctrine of res judicata is that a cause of action once adjudicated by a court of competent jurisdiction cannot be tried again between the same parties or their privies in new proceedings, before the same or a different tribunal, except in an action to set aside or review the prior adjudication. (Cases cited.) The doctrine arises where the prior adjudication is relied upon as a conclusive bar to the entire new action. There are three essentials to its application: the cause of action, the parties or their privies, and the subject matter must be the same in both cases. (Case cited.) Not only all the matters which were litigated in the first cause of action, but also all those which could or might have been presented to support or defeat the claim are regarded as concluded by the prior judgment.

"Another rule concerning former adjudication, which rests on the same fundamental principle, is generally called estoppel by verdict. (Case cited.) Occasionally, it has been termed collateral estoppel (Case cited) a term which might advantageously be used in all cases. It is broad enough to cover both law and equity, and in law it would apply equally

well to cases tried with or without a jury. Collateral estoppel arises where the second cause of action differs from the first but is between the same parties or their privies. The judgment in the prior action then operates as a bar to those points or issues raised or decided in the first case. (Cases cited.) Under collateral estoppel only the matters which were litigated in the first cause of action and not those which might have been, are deemed concluded." (Case cited.) Also see Logan v. Presbyterian St. Lukes Hospital, 92 Ill App2d 68, 72, 235 NE2d 851.

 In the case at bar the first proceeding was predicated upon a complaint alleging that defendants were indebted to plaintiffs for a certain sum as evidenced by defendants' promissory note payable to plaintiffs. There was no reference to a contract between the parties. This subsequent proceeding was predicated upon a construction contract allegedly executed by the parties, and there was a separate count for labor performed and material delivered. Plaintiff alleged that defendants breached this agreement by not permitting plaintiff to complete the job, and plaintiff sought damages. In the alternative count, plaintiff sought recovery upon quantum meruit and quantum valebant. Res judicata therefore has no application since those issues which were raised or could have been raised in the earlier action were not the same as the issues in the current suit. Therefore, defendants' defense of former adjudication must be measured by the doctrine of collateral estoppel or estoppel by verdict.

In Hoffman v. Hoffman, 330 Ill 413, 417, 161 NE2d 723 (1928) the court said:

"Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of compe-

tent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict."

There is nothing in the record to show any controlling fact or question material to the determination of both causes. There is only the fact that after a de novo proceeding it was established that plaintiffs were not entitled to a judgment by confession for the amount of the note plus attorney's fees. In that proceeding defendants filed an Answer and a counterclaim to which plaintiffs responded with a reply and answer and the court after the de novo hearing dismissed defendants' counterclaim, but plaintiffs' complaint remained a pending cause of action. When a judgment by confession is vacated, the cause is in the same state as if commenced in the ordinary procedure by summons. George J. Cooke Co. v. Johnson, 179 Ill App 83 (1913).

Since the Act relating to proceedings to confirm judgments, chapter 62, § 82, supra, provides for a trial de novo, we recognize that in a proper case the doctrine of former adjudication, be it res judicata, collateral estoppel or estoppel by verdict, could be applicable to bar a subsequent proceeding, but not under the facts of this case.

We hold that the previous proceedings were not a bar to the subsequent cause of action and therefore reverse the trial court and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ENGLISH and McNAMARA, JJ., concur.