CLARA CHEATEM, Plaintiff-Appellant, *v.* JAMES A. COOK, Defendant— (CORONET INSURANCE COMPANY, Garnishee Defendant-Appellee).

(No. 60084;

First District (4th Division)—October 23, 1974.

Martin Tiersky, of Chicago, for appellant.

Haft, Shapiro & Haft, of Chicago (Morris A. Haft, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed a garnishment action against Coronet Insurance Company to recover interest allegedly due on a prior judgment entered against James A. Cook, its insured. In a motion for summary judgment, plaintiff alleged that Coronet was obligated to pay interest from the date of the judgment against Cook until the date the judgment was finally paid. The

trial court denied plaintiff's motion for summary judgment and dismissed the proceedings against Coronet on the grounds of res judicata and estoppel by verdict.

On November 24, 1965, James A. Cook was involved in an automobile accident with the plaintiff, Clara Cheatem. Plaintiff filed an action against Cook, who tendered his defense to Coronet Insurance Company pursuant to an automobile liability policy issued by Coronet to Cook for 1 year's coverage on June 30, 1965. Coronet denied liability on the policy and refused to defend the suit. A default judgment was entered against Cook on December 11, 1967 in the amount of $15,000, plus costs.

Plaintiff instituted garnishment proceedings against Coronet on December 26, 1967. The garnishment was defended by Coronet on the ground that the policy had been cancelled by Cook's broker prior to the time of the accident. Following a trial of the garnishment, the court found that the purported cancellation of the policy was ineffectual. On March 30, 1971, judgment was entered against Coronet and in favor of Cook in the amount of $10,000, the stated limit of the policy, plus costs.

Coronet filed a notice of appeal from that judgment on April 1, 1971. Subsequently, on April 14, 1971, plaintiff filed a motion in the trial court requesting that the judgment be modified to correct the form and also to include interest which had accrued on the default judgment of December 11, 1967, against Cook. The court ordered that judgment be entered in favor of the judgment debtor, James A. Cook, for the use of the plaintiff, Clara Cheatem. Further, the trial court denied plaintiff's motion to increase the amount of the judgment to include interest. Plaintiff then filed a notice of cross-appeal which requested judgment against Coronet in the sum of $10,000 plus interest on the $15,000 judgment "from December 11, 1967, until the date judgment is entered herein plus costs or, in the alternative, that said judgment be reversed and remanded to the Circuit Court of Cook County, Illinois, with instructions to enter that judgment."

On November 1, 1972, this court filed its opinion, reported in 8 Ill.App.3d 425, 290 N.E.2d 707, wherein the judgment of the trial court was affirmed in part and reversed in part. The trial court's action of March 30, 1971, in entering judgment of $10,000 and costs in favor of Cook, was affirmed. This court held:

> "We find the cancellation of the policy by Coronet to be invalid and, therefore, hold the policy of liability insurance issued by Coronet to James A. Cook was in full force and effect on November 24, 1965, the date of defendant Cook's accident with the plaintiff." (8 Ill.App.3d 425, 429.)

However, the order entered by the trial court on April 14, 1971, which

modified the form of the prior judgment and denied plaintiff's claim for interest, was reversed on the ground that the lower court was divested of all jurisdiction in the matter by the filing of a notice of appeal prior to the entry of its order.

Coronet's petition for rehearing in the appellate court was denied. It then filed a petition for leave to appeal to the supreme court, which was also denied. On August 9, 1973, Coronet paid Clara Cheatem $11,496.16: $10,000 as the principal of the judgment rendered against it on March 30, 1971; $69.16 as payment for costs; and $1427 as interest on $10,000 from March 30, 1971, to August 8, 1973, at 6 percent per annum. A written satisfaction (release) of judgment, signed by the plaintiff and her attorney, recited that plaintiff, "having received full satisfaction and payment, releases the judgment entered on March 30, 1971, against Coronet Insurance Company for $10,000.00 and costs and interest." The release was filed with the clerk of the circuit court on August 23, 1973.

On September 26, 1973, plaintiff filed a new garnishment action against Coronet. The affidavit for garnishment stated that judgment was entered on December 11, 1967, in the amount of $15,000 and costs, that $10,000 had been paid on the judgment, that $5000 remained unpaid on the principal judgment, and that $3,447.28 in interest was still owed. Plaintiff then filed a motion for summary judgment in the amount of $3,447.28 plus costs, alleging that Coronet was obligated to pay interest on the judgment of December 11, 1967, from the date it was entered until the date of final payment. Coronet filed objections to plaintiff's motion and a counter-motion for discharge on the ground that the claim which formed the basis for plaintiff's motion for summary judgment had been previously adjudicated. The court, on December 28, 1973, allowed Coronet's motion for discharge and ruled that plaintiff's claim was barred on the grounds of res judicata and estoppel by verdict.

Plaintiff appeals from the court's order of December 28, 1973, and presents the following issues for review: (1) Whether the trial court erred in finding that plaintiff's claim was previously adjudicated, and (2) whether the trial court erred in denying plaintiff's motion for summary judgment.

The first question we shall consider is whether the trial court erred in finding that plaintiff's claim for interest was previously adjudicated. That portion of the court's order of December 28, 1973 pertinent to this issue is presented below:

> "2. The Court finds that heretofore on March 30, 1971, in a trial on the contest of the Answer of CORONET INSURANCE COMPANY, garnishee, on garnishment proceedings theretofore brought by the plaintiff herein against it, the trial Court found for

the plaintiff and entered judgment against the garnishee for the sum of $10,000; that prior to and subsequent to the entry of such judgment, plaintiff had requested the trial Court allow to her interest on the original December 11, 1967 judgment for $15,000 herein rendered against the defendant, JAMES A. COOK, and that such judgment for $10,000 be increased to $12,755.31 on account thereof; the motion to increase the judgment to include interest was denied.

That thereafter, CORONET INSURANCE COMPANY, garnishee, appealed such judgment to the Appellate Court of Illinois, First District, in Cause No. 56139, which had before it all matters presently before the Court; that plaintiff filed a Cross-Appeal wherein plaintiff prayed that the Appellate Court enter judgment against the garnishee for the interest sought; that by its Opinion the Appellate Court affirmed the trial court, and by its Mandate adjudged that the original judgment for $10,000 of the Circuit Court of Cook County is affirmed; that the judgment so entered remain in full force and effect; the Appellate Court did not allow the plaintiff the interest sought by her."

The court then found that plaintiff's claim for interest had been previously adjudicated and the judgments so entered conclusive of all matters arising out of the controvery between the parties. Therefore, the court sustained Coronet's counter-motion to dismiss the garnishment proceedings then pending on the grounds of res judicata and estoppel by verdict.

■■■ We agree with the findings of the trial court that plaintiff's claim for interest was previously adjudicated and thereby barred on the grounds of res judicata and estoppel by verdict. The doctrine of res judicata provides that a cause of action once adjudicated by a court of competent jurisdiction cannot be tried again between the same parties or their privies in new proceedings, before the same or a different tribunal, except in an action to set aside or review the prior adjudication. (*Workmen's Lumber & Construction Co. v. Martin* (1970), 121 Ill.App.2d 352, 257 N.E.2d 494; *Schoenbrod v. Rosenthal* (1962), 36 Ill.App.2d 112, 183 N.E.2d 188.) The rule of res judicata includes not only those matters that were actually determined in the former case between the same parties or their privies, but it extends to any other matters properly involved which might have been raised and determined but were not. *Prochotsky v. Union Central Life Insurance Co.* (1971), 2 Ill.App.3d 354, 276 N.E.2d 388; *Phelps v. City of Chicago* (1928), 331 Ill. 80, 162 N.E. 119.

In the instant case, it is uncontroverted that plaintiff requested interest

on the original judgment during the trial court proceedings and again while the cause was before this court in the prior appeal. On March 30, 1971, plaintiff presented a judgment order of $10,000 to the trial court which made no mention of interest on the 1967 judgment. Plaintiff first brought this claim before the trial court in a motion to increase the judgment to include interest on April 14, 1971. The trial court denied the motion. Subsequently, the appellate court ruled that the trial court was without jurisdiction over the matters before it on April 14, 1971, because a notice of appeal had previously been filed by Coronet. However, this court affirmed the trial court's order in entering judgment for $10,000 and costs only, despite plaintiff's prayer for interest on the $15,000 judgment as well. Thus, plaintiff's claim for interest was before this court during the prior appeal, and the interest sought by her was not allowed.

In *Lyon v. Metropolitan Life Insurance Co.* (1942), 315 Ill.App. 451, 43 N.E.2d 187, an action was brought against the Metropolitan Life Insurance Company to recover interest only on a judgment previously entered against the defendant on a policy of life insurance. The original suit sought judgment in the amount of $10,000 and interest at the rate of 6 percent from the date of death of the insured. A verdict was returned for $9,768.45, there being an outstanding loan against the policy of $231.55. The judgment was paid, along with statutory interest from the date of its rendition until the date of payment. Thereafter, plaintiff again filed suit against the insurance company seeking interest at the rate of 5 percent from the date of the insured's death until judgment was entered in the original suit. The appellate court found that plaintiff's claim for interest was not withdrawn from consideration of the jury in the original action and that the judgment entered was conclusive as to all matters arising out of the insurance policy. Thus, the court held that plaintiff's separate suit for interest was barred by the judgment entered in the prior suit.

In view of the foregoing authorities, we find no merit in plaintiff's contention that the trial court erred in finding that her claim was previously adjudicated.

Plaintiff's argument that the trial court erred in denying her motion for summary judgment is based upon the "Supplementary Payments" provision of the policy issued by Coronet to its insured. The provision obligated Coronet to pay:

> "* * * all interest on the entire amount of any judgment therein which accures [*sic*] after entry of the judgment and before the company has paid or tendered or deposited in court that part

of the judgment which does not exceed the limit of the company's liability thereon; * * *."

Plaintiff argues that its motion for summary judgment should have been allowed since there was no factual dispute and the plain language of the policy entitled her to the interest claimed.

■■ We believe that the same claim for interest is involved in both the prior and the present proceedings. In *Ernest Freeeman & Co. v. Robert G. Regan Co.* (1947), 332 Ill.App. 637, 645, 76 N.E.2d 514, 517, the court held that where a demand or right of action is in its nature entire and indivisible, it cannot be split up into several causes of action or made the basis of many separate suits. The court said:

> "* * * [A] judgment on the merits as to one part will bar a subsequent action for the whole, the residue, or another part. It is immaterial that the form of the second action is different from the first. * * * [W]hether or not a judgment is a bar to a subsequent action under the rule against splitting causes of action depends on whether the entire amount claimed to be due plaintiff arises out of one and the same act or contract, or whether the several parts arise from distinct acts or contracts."

We hold that plaintiff's claim for interest arose out of the same contract in both the present and the prior proceedings. Therefore, the trial judge did not err in denying her motion for summary judgment and allowing Coronet's motion for discharge from the garnishment proceedings.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.