ROY KEITH, Plaintiff-Appellant, *v.* B & B BUILDERS SUPPLY, INC., Defendant-Appellee.

Third District   No. 81-59

Opinion filed November 24, 1981.

HEIPLE, J., dissenting.

Douglas E. Reymore, Jr., of Leiter, Leiter and Sahn, of Peoria, for appellant.

James V. Cunningham, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:
From April 26, 1976, through August 23, 1976, the defendant-

appellee, B & B Builders Supply, Inc., constructed a home for the plaintiff-appellant, Roy Keith, under an oral contract. On August 22, 1978, B & B Builders Supply, Inc., filed a verified complaint against Roy Keith, seeking the sum of $3,386.12 in money due on a completed contract and an account stated between the parties. The complaint, filed as Peoria County Circuit Court No. 78-M-3586, contained a full explanation of all billings, services and materials. Roy Keith failed to respond to an appearance time and date summons, and a default judgment was entered against him in the amount of $3,386.12. Keith filed a motion to set aside the default judgment, but that motion was denied by the trial court, and no appeal was taken in case No. 78-M-3586.

On March 30, 1979, Roy Keith filed a complaint against B & B Builders Supply, Inc., seeking damages in the amount of $3,500.05 based on alleged breaches of warranties of fitness for a particular purpose and of habitability in the construction of Keith's home. Peoria County Circuit Court No. 79-LM-1345 was assigned to Keith's complaint. B & B Builders Supply, Inc., filed a motion to dismiss Keith's complaint, or in the alternative to make insufficient pleadings more certain, or in the alternative to strike certain provisions objected to on April 19, 1979.

On April 23, 1979, Keith confessed the motion to dismiss without notice to B & B Builders Supply, Inc., and was granted leave to file an amended complaint. Keith subsequently filed an amended complaint on November 24, 1980. B & B Builders Supply, Inc. responded on December 4, 1980, by filing a motion for dismissal based on certain defects and defenses pursuant to section 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). In moving for dismissal, B & B Builders Supply, Inc., alleged, among other things, that Keith's cause of action was barred by the doctrine of res judicata.

Following a hearing and request for briefs, the trial court granted the motion to dismiss filed by B & B Builders Supply, Inc. and found, as a matter of law, that Roy Keith's cause of action was barred by the doctrine of res judicata arising out of the default judgment entered against Keith in case No. 78-M-3586. An order to that effect was entered on January 23, 1981, and the instant appeal followed.

On appeal, Keith submits that the trial court erred in dismissing his complaint with prejudice and applying the doctrine of res judicata to bar his suit against B & B Builders Supply, Inc., because the causes of action represented by his complaint and the earlier case No. 78-M-3586 are separate and distinct, albeit arising out of the same contract. The appellant asserts that Peoria County Circuit Court case No. 78-M-3586 was founded upon a completed contract and an account stated, whereas his complaint alleged a breach of warranties in which the factual issues focus upon allegations of faulty workmanship.

The appellee asserts that the doctrine of *res judicata* was properly applied to bar the appellant's lawsuit, since the same parties are involved in both law suits and all matters arising under the contract were or should have been disposed of in the prior action. (See *Gale v. Transamerica Corp.* (1978), 65 Ill. App. 3d 553, 382 N.E.2d 412.) The appellee points out that Keith's complaint alleges that he notified the appellee within 30 days following the completion of the house on August 23, 1976, of various defects in construction and of breaches of warranties. This time period is almost two years before the date of the appellee's suit on the completed contract and account stated. It is the appellee's contention that Keith's actions in 1976 in notifying the appellee about the alleged defects and breaches of warranty brought those issues before the parties at the time of the first lawsuit. The appellee further contends that in their complaint in case No. 78-M-3586, they pleaded a condition precedent to the payment of monies due and owing on the contract pursuant to Supreme Court Rule 133. (Ill. Rev. Stat. 1979, ch. 110A, par. 133(c).) That condition precedent was a general allegation that all conditions of the contract had been performed satisfactorily. They conclude that the appellant's failure to deny those allegations in case No. 78-M-3586 admitted that the contract had been completed satisfactorily. For this reason, they urge this court to affirm the trial court's application of the doctrine of *res judicata*.

■■ The application of that doctrine requires that three elements be present in both cases under consideration: the same parties or those privy to them, the cause of action, and the subject matter. (*Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 403 N.E.2d 1262.) In the case at bar, the same parties are clearly involved and the same subject matter, namely the contract, is at issue. Whether the same cause of action is involved becomes the critical inquiry.

■■ We hold that the cause of action represented by Keith's claim is separate and distinct. Although his claims might have been raised in the prior action in the form of a set-off or counterclaim, he is not precluded from raising those issues now in a separate lawsuit. (See Ill. Rev. Stat. 1979, ch. 110, par. 38(1).) Section 38(1) of the Civil Practice Act provides that all issues between parties can be tried in one forum at the same time, but it does not require a defendant to immediately assert his rights by way of a counterclaim if it would be inconvenient or strategically inadvisable for him to do so. An election is available for the defendant under these circumstances, and the Illinois cases interpreting this section have so held. *Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 403 N.E.2d 1262; *Stoner v. Stoner* (1953), 351 Ill. App. 304, 115 N.E.2d 103.

In the case at bar, Keith's allegations of defects in construction and breach of warranties, while suitable issues to have been raised in the form of counterclaims in the earlier lawsuit (No. 78-M-3586), are equally cog-

nizable as the basis of a separate cause of action. We make this determination mindful of the principle which indicates that *res judicata* extends not only to those matters actually determined in a case between the same parties or their privies, but also extends to any other matters properly involved which might have been raised and determined but were not. (*Hilti, Inc. v. Griffith* (1978), 68 Ill. App. 3d 528, 386 N.E.2d 63; *Cheatem v. Cook* (1974), 23 Ill. App. 3d 862, 320 N.E.2d 520.) Given the elective counterclaim rule in Illinois, this principle apparently extends only to matters the plaintiff in a lawsuit might or could have raised.

For the foregoing reasons, we reverse the order of the Circuit Court of Peoria County dismissing the appellant's complaint and remand this cause for further proceedings.

Reversed and remanded.

BARRY, J., concurs.

Mr. JUSTICE HEIPLE, dissenting:

I do not agree with the result reached by my colleagues. According to their analysis, Roy Keith's suit is not barred by the doctrine of *res judicata* because his suit advances a different cause of action than the suit of B & B Builders.

While their statement of the doctrine is correct, the law and its application go further. It has long been recognized that a second suit between the same parties on a different cause of action may be precluded if there is an identity of issues in the suits, and there has been a prior adjudication of those issues in a suit between the same parties. This rule applies where the question upon which recovery in the second action depends has, under the same circumstances, parties and conditions, been previously adjudicated. (*Hoffman v. Hoffman* (1928), 330 Ill. 413; *Public Utilities Com. v. Smith* (1921), 298 Ill. 151.) This doctrine of collateral estoppel or estoppel by verdict is a derivative of *res judicata*. Instead of preventing a second assertion of the same claim or cause of action, the rule of collateral estoppel prevents a second litigation of *issues* between the same parties even if presented in a different cause of action.

B & B Builders in their suit (No. 78-M-3586) claimed they satisfactorily performed all their duties under the contract to build a house for Roy Keith. Such allegation was a necessary element in their cause of action to collect on the contract. Since judgment was entered on B & B's suit, in their favor, the issue of successful contract performance cannot be relitigated. Roy Keith's suit seeks to collect damages from B & B because he claims the contract was not satisfactorily performed and warranties

were breached. This issue had its day in court. It cannot be relitigated. Collateral estoppel bars the suit of Roy Keith.

I am mindful of the elective counterclaim rule and find it wholly compatible with the principles of collateral estoppel and *res judicata*. While *all* issues between parties may be tried at one time or over a period of time, I find no suggestion in the Civil Practice Act that *one* issue may be tried and retried between the parties over a period of time and under the label of a different suit or cause of action.

Accordingly, I would affirm the trial court.