BOBBY J. HAYS, Plaintiff-Appellant, *v.* LOUISIANA DOCK COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 82—369

Opinion filed September 2, 1983.

Lance R. Mallon and Hugh M. Talbert, both of Talbert & Mallon, P.C., of Alton (Sidney Z. Karasik and Sam J. Cahnman, of counsel), for appellant.

Raymond L. Massey, Dan H. Ball, and Mary K. Bennett, all of Thompson & Mitchell, of East St. Louis, for appellee Louisiana Dock Company.

Daryl F. Sohn, of Goldstein & Price, of St. Louis, Missouri, for other appellees.

JUSTICE WELCH delivered the opinion of the court:

The present appeal is taken from a dismissal of the plaintiff's action to recover damages for personal injuries allegedly suffered aboard the M/V Tennessee on the Mississippi River on approximately March 2, 1978. The question presented here is whether that action is barred on *res judicata* grounds due to a dismissal with prejudice in Federal court of a prior action brought by the plaintiff.

The plaintiff first filed suit in the circuit court of Madison County on March 16, 1978, against American Commercial Barge Line Company (ACBL) and Louisiana Dock Company, Inc. (La. Dock). In his complaint, the plaintiff alleged that agents of ACBL and La. Dock had allowed the Tennessee to be returned to navigation, even though a substantial amount of grease had been left on the shaft alley floor and water was leaking into the shaft alley compartment at a rate of flow "equivalent to a fire hose discharge." The plaintiff contended that he had suffered injury when he slipped and fell on grease on the shaft alley floor.

This action was removed to the United States District Court for the Southern District of Illinois through a petition filed by ACBL and

La. Dock in that court on April 17, 1978. La. Dock filed a third-party complaint in Federal court against the Peavey Company (Peavey), the plaintiff's employer, seeking contribution or indemnity for any damages recovered by the plaintiff from La. Dock. Pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, La. Dock requested judgment to be entered directly against Peavey and in favor of the plaintiff, should the plaintiff's claim and the third-party claim both be successful. Peavey therefore filed two answers in the Federal proceedings, one to La. Dock's third-party complaint, and one directly to the plaintiff's complaint against La. Dock.

Discovery continued in this case until May 20, 1980, when plaintiff's counsel filed a "stipulation for dismissal" in Federal court. This document requested that through the stipulation of the parties, the plaintiff's complaint and the third-party complaint, *inter alia*, should be dismissed voluntarily and without prejudice. It was signed only by an attorney in the firm of the plaintiff's counsel and was not signed by the plaintiff, or by the other parties or their counsel. The court accepted this stipulation on May 20, 1980, and approved the dismissal without prejudice of the complaints mentioned in the stipulation.

Subsequently, according to a statement given by the plaintiff on August 29, 1980, in connection with settlement negotiations, the plaintiff discovered on his own that his counsel had obtained a dismissal of his case without his approval. On July 17, 1980, the plaintiff sent a telegram to the Federal court requesting that no further documents be accepted from his attorney, and, on July 21, he sent a letter to his attorney discharging him. The plaintiff then undertook settlement negotiations directly with counsel for ACBL, La. Dock and Peavey.

A result of these negotiations was that the plaintiff, together with counsel for ACBL, La. Dock and Peavey, filed documents in the Federal court on September 9, 1980, which effectuated a dismissal with prejudice of the plaintiff's action and the third-party action against Peavey. On February 5, 1981, the plaintiff, with new counsel, filed a three-count complaint against La. Dock, Peavey and Greenville Towing Company, Inc. (Greenville), in the circuit court of Madison County. This complaint also sought damages for the injuries allegedly suffered by the plaintiff on approximately March 2, 1978, aboard the M/V Tennessee. The first count, directed to Peavey, claimed that that defendant had negligently failed to provide the plaintiff with a safe place to work and had failed to inspect the M/V Tennessee or clean its engine room before launching it. In the second count, the plaintiff averred that La. Dock had negligently tendered the Tennessee in an unsea-

worthy condition to its operator, Peavey, after repairs. Greenville, the owner of the Tennessee, was charged in count III with having negligently failed to inspect or clean the vessel before it was launched after repairs.

On April 10, 1981, all three defendants filed a motion under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48, now Ill. Rev. Stat. 1981, ch. 110, par. 2—619) to dismiss the action as barred by the dismissal of the Federal suit. Attached to this motion were certified copies of the petition to remove the plaintiff's initial action to Federal court, the stipulations for dismissal with prejudice of the plaintiff's complaint and the third-party complaint, and the order dismissing the plaintiff's action. Also attached to the motion were a copy of the plaintiff's original complaint and the summons in the first State court action. On May 1, 1981, the plaintiff filed a reply to the motion to dismiss. Attached to this reply were a copy of the stipulation for dismissal without prejudice in Federal court and the docket sheet of the Federal court for the plaintiff's action. After accepting briefs and authorities and hearing argument from all parties, the trial court granted the motion to dismiss.

In this court, the plaintiff challenges the trial court's order of dismissal as erroneous. He states that the motion to dismiss did not comply with section 48 of the Civil Practice Act, now section 2—619 of the Code of Civil Procedure, and that even if it did, the court should not have dismissed the action on *res judicata* grounds because the Federal court improperly entered a dismissal with prejudice of the plaintiff's complaint after that complaint had been dismissed without prejudice and not reinstated. Additionally, he asserts that any *res judicata* effect of the dismissal with prejudice could not have extended to the third-party defendant, Peavey, or to Greenville, which was not a party to the Federal action. We first consider those arguments which pertain to all of the defendants.

The plaintiff contends that the motion to dismiss was procedurally defective, in that no affidavits were attached to the motion. But, as argued by the defendants, the plaintiff did not object at the trial level to the motion to dismiss for failure to present an affidavit. This argument has thus not been preserved for purposes of this appeal. (*Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 420 N.E.2d 672; *Setliff v. Reinbold* (1966), 73 Ill. App. 2d 208, 218 N.E.2d 814.) Also, it has been held that an affidavit did not need to be attached to a motion to dismiss where a certified copy of a land trust agreement was sufficient to support the issues presented by the motion. (*White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.*

(1976), 42 Ill. App. 3d 199, 355 N.E.2d 632.) If, as alleged in the motion to dismiss, the plaintiff's action were barred on *res judicata* grounds, there seems little that an affidavit could add to certified copies of the prior dismissal and other relevant proceedings.

It is further averred that the record at trial failed to include several documents which were necessary to the resolution of the issues presented by the motion to dismiss. Specifically, the plaintiff lists among the missing documents the answers of ACBL and La. Dock to the plaintiff's complaint, the plaintiff's and defendants' answers to interrogatories and requests to produce, a motion for leave to file a third-party complaint, Peavey's counterclaim against La. Dock, La. Dock's reply to Peavey's counterclaim and the order of September 9, 1980, dismissing the third-party complaint of La. Dock and ACBL. However, the plaintiff did not bring to the attention of the trial court the failure of the defendants to include these documents in the record. Moreover, the doctrine of *res judicata* may be used as a bar to further proceedings if the parties involved are the same, or those in privity with them, and if the causes of action and the subject matter of both suits are the same. (See *Keith v. B & B Builders Supply, Inc.* (1981), 101 Ill. App. 3d 1123, 428 N.E.2d 1194; *Village of Northbrook v. Cannon* (1978), 61 Ill. App. 3d 315, 377 N.E.2d 1208.) The identity of parties, subject matter and causes of action may be determined from the record as well as from the pleadings in both actions. (*Pierog v. H.F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.) In the case at bar, the plaintiff has not suggested how this inquiry could be performed by the trial court if the listed documents were included in the record, and how it could not be performed with the documents presently in the record. In other words, it has not been demonstrated that the present record was and is inadequate for a determination of the issues raised in the motion to dismiss, and thus we do not find the plaintiff's objections to the motion and the supporting documents in the record to be well taken.

As his primary argument against the application of *res judicata* to this case, the plaintiff asserts that the Federal court erred when it issued the September 1980 dismissal of his action with prejudice. He reasons that the May 1980 dismissal of his complaint without prejudice effectively terminated the proceedings in that case, and, without a motion to file a new complaint or otherwise revive those proceedings, the court was without authority to enter the dismissal with prejudice. Consequently, he concludes, the second dismissal in Federal court was void and thus is not entitled to recognition in the State courts. The defendants respond that the Federal court had the author-

ity to enter the dismissal with prejudice under Rule 60 of the Federal Rules of Civil Procedure. Alternatively, they maintain that even if the Federal court erroneously interpreted Rule 60 in granting the second dismissal, any such error would not render the Federal judgment void for the purpose of *res judicata*.

Because the judgment asserted by the defendants as a bar to the plaintiff's action is one of another court system, the mandates of the full faith and credit clause are implicated. (U.S. Const., art. IV, sec. 1.) This clause requires that one court system give the same *res judicata* effect to a judgment as it would be given in the court system which rendered it. (*Durfee v. Duke* (1963), 375 U.S. 106, 11 L. Ed. 2d 186, 84 S. Ct. 242.) The question presented here is therefore what effect the dismissal with prejudice would be given if used to bar the plaintiff's action had it been brought again in Federal court.

■■ ■ Like the courts of this State (*People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851), the Federal courts hold that a judgment will be given binding effect and will not be subject to collateral attack unless it is "void." (*V.T.A., Inc. v. Airco, Inc.* (10th Cir. 1979), 597 F.2d 220.) To promote the finality of Federal judgments, the definition of a void judgment has been narrowly drawn. (*V.T.A., Inc. v. Airco, Inc.; Ben Sager Chemicals International, Inc. v. E. Targosz & Co.* (7th Cir. 1977), 560 F.2d 805.) A judgment is not void merely because it is erroneous. (*Simer v. Rios* (7th Cir. 1981), 661 F.2d 655, *cert. denied* (1982), 456 U.S. 917, 72 L. Ed. 2d 177, 102 S. Ct. 1773; *William Skillings & Associates v. Cunard Transportation, Ltd.* (5th Cir. 1979), 594 F.2d 1078.) A void judgment is generally defined as one in which the rendering court lacked subject matter jurisdiction over the dispute or jurisdiction over the parties, or acted in a manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment. *V.T.A., Inc. v. Airco, Inc.; In re Four Seasons Securities Laws Litigation* (10th Cir. 1974), 502 F.2d 834, *cert. denied* (1974), 419 U.S. 1034, 42 L. Ed. 2d 309, 95 S. Ct. 516.

In fact, it has also been held that a judgment which results from a Federal court's erroneous interpretation of a statutory grant of jurisdiction is not void for purposes of allowing a collateral attack. In *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.* (8th Cir. 1980), 624 F.2d 822, *cert. denied* (1980), 449 U.S. 955, 66 L. Ed. 2d 220, 101 S. Ct. 363, a judgment was entered by a Federal district court and was not appealed. Subsequently, this judgment was attacked in the district court on the ground that the United States, alleged to have been a necessary party, had not been joined as a defendant. The district court refused to vacate the earlier judgment, and this action

was upheld on appeal, the circuit court describing any error in not joining the United States as not such an error which would render the judgment void. Similarly, in *Independence Mortgage Trust v. White* (D. Ore. 1978), 446 F. Supp. 120, the district court entered judgment, acting on the belief, later admitted as mistaken, that it had diversity jurisdiction. This judgment was not appealed, but a party to it eventually petitioned the court for relief. As in *Great Lakes*, the court denied the petition, holding that the previous judgment, even if entered after an erroneous decision by the court concerning the extent of its own jurisdiction, was not void.

The Eighth Circuit explained the rationale behind these cases as follows:

> "Absence of subject matter jurisdiction *may*, in certain cases, render a judgment void. [Citation.] However, this occurs only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority. [Citations.] Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.' [Citation.] Since federal courts have 'jurisdiction to determine jurisdiction,' that is, 'power to interpret the language of the jurisdictional instrument and its application to an issue by the court,' *Stoll v. Gottlieb* [(1938)], 305 U.S. at 171, 59 S. Ct. at 137, [83 L. Ed. 104, 108,] error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction. Such an erroneous interpretation does not render the judgment a complete nullity. [Citations.] A void judgment, as opposed to an erroneous one, is one which from its inception was legally ineffective." (*Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.* (8th Cir. 1980), 624 F.2d 822, 825.)

From *Great Lakes* and *White*, it may be seen that, if a Federal court acts in a type of case within its competency (such as a diversity case), if it has personal jurisdiction over the parties, and if it does not deny a party due process of law or transgress constitutional boundaries in other ways in rendering judgment, that judgment cannot be attacked collaterally as void.

Here, the Federal court judgment relied upon by the defendants was entered after the action was removed from State court on diversity grounds. The parties did not and have not contested the Federal court's diversity jurisdiction. Nor is it asserted by the plaintiff that the court lacked personal jurisdiction over the parties. He also fails to

allege any constitutional violation committed by the district court in those proceedings. The only shortcoming raised by the plaintiff to establish that the Federal judgment was void is that the court erroneously took action to dismiss the plaintiff's complaint and the third-party complaint after they had both been dismissed without prejudice and without reinstatement.

■ Even if we would agree with the plaintiff that the district court lacked authority, under Fed. R. Civ. P. 60 or otherwise, and that this is a "jurisdictional" defect, we cannot agree that this is the sort of error which would render the Federal judgment void. A misinterpretation by the district court of its power to grant post-judgment relief does not convert an otherwise valid judgment into "one which from its inception was legally ineffective." (624 F.2d 822, 825.) At most, the Federal judgment can be described, not as void, but as erroneous, and it cannot be denied *res judicata* effect for that reason.

The plaintiff's remaining assignments of error pertain to defendants Peavey and Greenville. He argues that, even if the dismissal with prejudice of the complaint in Federal court bars his subsequent action against La. Dock, it should not bar any suit against Peavey, the third-party defendant in the Federal action. According to the plaintiff, he and Peavey were never directly adverse to each other in Federal court and thus it cannot be said that the dismissal of the plaintiff's complaint resolved any issues between the plaintiff and Peavey. The plaintiff also contends that since the stipulation for dismissal of his complaint only referred to La. Dock and ACBL, that stipulation shows that he and Peavey were not adversaries at that point and that the dismissal cannot benefit Peavey.

■ Peavey responds that the plaintiff's claim that he and Peavey were not direct opponents in Federal court is unsupported by the record. Rule 14(c) of the Federal Rules of Civil Procedure states,

> "When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, *in which event the third-party defendant shall make his defenses to the claim of the plaintiff* as well as to that of the third-party plaintiff in the manner provided in Rule 12 *and the action shall proceed as if*

*the plaintiff had commenced it against the third-party defend-
ant* as well as the third-party plaintiff." (Emphasis added.)
As noted above, La. Dock and ACBL requested that judgment be
granted against Peavey and in favor of the plaintiff, and Peavey an-
swered the plaintiff's complaint directly, as required by this rule.
From the time that this procedure was invoked, then, the plaintiff
and Peavey were adversaries, and thus the dismissal of the plaintiff's
complaint did effectively decide issues between the plaintiff and Pea-
vey. Because Rule 14(c) treats the third-party defendant who is ten-
dered to the plaintiff as a defendant to the original action, it necessar-
ily follows that a dismissal of the plaintiff's complaint is effective
against Peavey as well as against La. Dock and ACBL, even if the
stipulation for dismissal of the complaint did not specifically list Pea-
vey. The dismissal of the complaint and the third-party complaint,
taken together, also show that all claims raised in the Federal litiga-
tion were to be resolved with finality. Since a direct claim by the
plaintiff against Peavey arose in those proceedings by virtue of Rule
14(c) and was dismissed with prejudice, such a claim cannot be al-
lowed in State court.

■■ Finally, the plaintiff maintains that the motion to dismiss was
insufficient to support the dismissal of his action against Greenville.
He acknowledges that the pleadings in this case show that Peavey
was the operator of the M/V Tennessee and Greenville was its owner,
but he observes that Greenville did not attach any additional informa-
tion to the motion to dismiss to establish the precise nature of the re-
lationship between itself and Peavey. Greenville responds that no fur-
ther elaboration of that relationship was necessary, because, as it
argues, a judgment in favor of the operator of a vessel, in a prior suit
for personal injuries, operates as a conclusive bar to the assertion of
the same claim by the same plaintiff in a subsequent suit against the
vessel's owner.

As support for this proposition, Greenville directs our attention to
*Bruszewski v. United States* (3d Cir. 1950), 181 F.2d 419, *cert. denied*
(1950), 340 U.S. 865, 95 L. Ed. 632, 71 S. Ct. 87, and *Adriaanse v.
United States* (2d Cir. 1950), 184 F. 2d 968, *cert. denied* (1951), 340
U.S. 932, 95 L. Ed. 673, 71 S. Ct. 495. In both cases, the plaintiffs
brought unsuccessful personal injury actions against the operators of
the vessels upon which they were injured. They then sued the owner
of the vessels, the United States, to recover damages for those in-
juries. The circuit court affirmed dismissals of the actions against the
United States on *res judicata* grounds.

According to the plaintiff, neither *Bruszewski* nor *Adriaanse* can

be read as broadly as Greenville asserts. In both cases, the vessels were operated under a so-called General Agency Agreement, and as a result, the operator of the vessel could properly be considered an agent of the United States. The second action in each case, against the United States, was therefore brought under the theory of *respondeat superior*. In these circumstances, an adjudication of liability in favor of the agent would necessarily exonerate the principal. This, as the plaintiff argues, is the reason that the *Bruszewski* and *Adriaanse* courts held the plaintiff to be bound by the result of his litigation against the operator of the vessel, even though he would not be able to rely upon a successful judgment against the operator in a second suit against the owner.

In the present case, neither the pleadings nor the motion to dismiss establish the existence of an agency relationship between Peavey and Greenville. Nor does the plaintiff's complaint suggest that his cause of action against Greenville is based upon the doctrine of *respondeat superior*. In fact, nothing in the record indicates the nature of the relationship between those parties, beyond the description of Peavey as the operator of the M/V Tennessee and Greenville as its owner. We cannot tell whether Peavey is an agent of Greenville, or is a lessee, or whether there is some other connection between them. If the grounds upon which a motion to dismiss is based do not appear on the face of the pleading attacked, those grounds must be raised in a supporting affidavit. (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a); *First National Bank v. Minke* (1981), 99 Ill. App. 3d 10, 425 N.E.2d 11.) Since Greenville has not demonstrated that the bare assertion of an "owner-operator" relationship between itself and Peavey allow it to rely upon the dismissal of the Federal action against Peavey, additional clarification of the connection between Greenville and Peavey should have been provided in supporting affidavits attached to the motion to dismiss. The failure of Greenville to do so requires us to reverse the dismissal of the plaintiff's action against it.

For the foregoing reasons, the judgment of the circuit court of Madison County dismissing the plaintiff's suit against La. Dock and Peavey is affirmed. The dismissal of his cause of action against Greenville is reversed, and this cause is remanded for further proceedings on that portion of the complaint.

Affirmed in part, reversed in part, and remanded.

HARRISON, P.J., and KASSERMAN, J., concur.