Herbert M. Rosenthal, Plaintiff-Appellee, v. Hyland Builders Corporation, an Illinois Corporation, and Roy M. Schoenbrod, Defendants-Appellants.

Gen. No. 47,835.

First District, Third Division.

April 6, 1960.

Rehearing denied May 12, 1960.

Howard G. Joseph, of Chicago, for defendants-appellants.

Dixon, Morse, Knouff, Potter, and Holmes, of Chicago (Edward P. Morse, of counsel) for plaintiff-appellee.

JUSTICE BURKE delivered the opinion of the court.

On April 6, 1955, Herbert M. Rosenthal and Roy Schoenbrod, each owning 50% of the stock of Hyland Builders Corporation and four other construction companies, entered into an agreement that one would sell his stock to the corporations, leaving the other as sole stockholder. The agreement provided that Rosenthal would make a written offer with a stated price by April 18, 1955, and that Schoenbrod would elect to sell his stock or have the corporations purchase Rosenthal's stock at the stated price. Although a cash instalment plan was provided in the agreement, it was modified on April 18, 1955, by the presentation of the contemplated offer, lacking a stated price but requiring assignment from the corporations of contract paper having an unpaid balance of $90,000, payment of $25,000 in 90 days and execution of an employment contract between Hyland Builders Corporation and the selling stockholder for two years at a salary of $250 per week, payment of the salary to be guaranteed by the nonselling stockholder. Schoenbrod elected to have the corporations purchase Rosenthal's stock.

On April 30, 1955, Hyland Builders Corporation and Rosenthal executed the employment contract calling for plaintiff to provide consultation services and assistance for two years, to conduct housing research and to give the corporation the publication rights to any reports, articles and writings arising from his research. The salary of $250 per week was stated along

230

with the following provision: "If this employment contract is terminated for any reason whatsoever, the corporation shall pay the full compensation rate of $250.00 per week for the remaining number of weeks of the original term of this contract." Between May 1, 1955, and July 1, 1955, Rosenthal was in Chicago winding up his affairs in connection with his sale of stock and beginning his duties for the corporation in housing research and development. After July 1, 1955, he took a trip to the west coast, stopping at numerous towns where he observed the housing conditions, the type of buildings being erected and the potential market for housing. On the west coast he made similar observations. He said that all of these trips were devoted to fulfilling his part of the contract. Returning to Chicago in October, 1955, he remained there until "after March, 1956." He was available for consultation, advice and assistance at all times except while on the trip. During the period from May 1, 1955, to February 28, 1956, neither Schoenbrod nor any officer of the corporation asked Rosenthal to consult with him nor requested any advice or assistance. The corporation paid Rosenthal $250 per week until the second week in February, 1956. On March 15, 1956, Rosenthal demanded that the payments be resumed. Thereupon he sued the corporation and Schoenbrod. Defendants answered. The corporation also filed a countercomplaint to recover payments made under the contract. A trial resulted in a finding and judgment in favor of the plaintiff on the complaint and countercomplaint and against defendants in the sum of $15,750, to reverse which this appeal is prosecuted.

The corporation maintains that the employment contract lacks mutuality and cannot be enforced against it. Schoenbrod takes the view that since the corporation is not liable as principal, he is not liable on his guarantee. The corporation also urges that it is

entitled to a judgment for the amount paid to plaintiff under the contract because of a total failure of consideration. Plaintiff testified that he was ready, willing and able to provide consultation, service and assistance in matters to which his experience related at all times prior to the termination of the contract by the corporation. The contract did not inhibit independent activity by plaintiff. His qualifications were known to Schoenbrod. Plaintiff was not asked to consult with Schoenbrod or any officer of the corporation until after the corporation defaulted. Plaintiff stood ready to serve. There was consideration for the employment contract. It is part and parcel of the agreement of April 6, 1955, as modified by the agreement of April 18, 1955. In Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill. 102, the court pointed out that while consideration is essential to the validity of a contract, mutuality of obligation is not; that where there is no other consideration for a contract the mutual promises of the parties constitute the consideration; and these promises must be binding on both parties or the contract falls for want of consideration, but where there is any other consideration for the contract mutuality of obligation is not essential. We are of the view that the phrase "if this employment contract is terminated for any reason" means in the context a termination for reason or cause which would justify the action. As the corporation is bound by the contract it follows that Schoenbrod is bound by his guarantee. Therefore the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.