June Logan, Plaintiff-Appellant, v. Presbyterian-St. Luke's Hospital, et al., Defendants-Appellees.

Gen. No. 51,512.

First District, Third Division.

February 8, 1968.

Edward M. Platt, of Chicago, for appellant.

Mural J. Winstin, of Chicago, for appellee, Reuben S. Flacks.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff-appellant, June Logan, filed a complaint in chancery against Presbyterian-St. Luke's Hospital and Reuben S. Flacks, individually and as executor of the last will of Walter Pilkington. The hospital answered the complaint but Flacks moved to dismiss on the ground that, as to him, the cause of action was barred by prior orders and decrees entered in the Circuit Court case of Walter S. Pilkington v. Gladys Pilkington Andreason and Presbyterian-St. Luke's Hospital (58 C 13645). The chancellor sustained the motion and found that there was no just reason for delaying appeal from his order.

The sole question presented in this appeal is whether or not the plaintiff's action is effectively barred under the doctrine of res judicata or its corollary principle of collateral estoppel.

In November 1934 Eleanor Pilkington executed a will appointing Edward Jaeger as executor and as trustee of a trust created therein. The testamentary trust provided that her brother, Walter Pilkington, was to achieve the income from the trust for his life and at his death, after payment of a legacy to her niece, Gladys Pilkington Andreason, the corpus was to be distributed to the Presbyterian (now Presbyterian-St. Luke's) Hospital of Chicago.

After the death of the testatrix in 1937 her will was admitted to probate. The final account of the estate was approved and Jaeger retained the assets of the estate in

his capacity as trustee. He remained in this position until his death in September of 1958.

In September 1958 Walter Pilkington filed a suit, thereby initiating the aforementioned proceedings relied upon as a bar in the present case, requesting the appointment of a successor trustee. On October 10th of the same year a decree was entered finding that the court had jurisdiction of both the parties and the subject matter; that the assets of the trust were as stated in an accompanying schedule; and that the original trustee had died. The decree approved the accounts, appointed Reuben Flacks as successor trustee and relieved him from liability for the acts of his predecessor.

On October 23, 1958, Walter Pilkington executed a will whereby, after bequeathing a specific legacy of $500 to the defendant Flacks and naming him executor, he left the remainder of his estate to the plaintiff. In August 1964 Walter was declared to be an incompetent and a conservator was appointed to manage his estate. He died on January 24, 1965.

The defendant had three current accounts approved in the period of time from his appointment as trustee to the death of the income beneficiary. In April of 1965 the defendant filed his final report and account in the case after giving notice of the proceedings to the conservator, the hospital, Mrs. Andreason and the Attorney General. On April 9, 1965, the court approved the final report and account, the trust was terminated, the corpus was distributed to the hospital and Mrs. Andreason and the defendant was discharged.

In addition to the foregoing, the plaintiff's complaint contained substantially the following allegations and pertinent information: Eleanor and Walter (and their brother Richard) were the children of Lawrence Pilkington who died in 1911 leaving his three children surviving him. He disposed of his property by dividing it among

70

his children in equal shares. Richard and Eleanor were given their shares outright, but the remaining third was given to Eleanor as trustee for Walter. Eleanor commingled Walter's share with her own assets and it was understood between them that one-half of all her assets constituted the corpus of his trust. When her estate was inventoried and the assets turned over to the trustee, one-half of the assets of the trust belonged completely to him. Eleanor's will set up the trust with Walter as the income beneficiary, but she had no right to dispose of his interest in this manner and both the defendant and his predecessor-trustee had knowledge of Walter's true interest in the trust estate. Attached to the complaint was a copy of Eleanor's will, the Seventh Article of which states:

> "I have purposely made no provision under this will for my brother, Richard Sefton Pilkington, because and for the reason that my said brother, Richard, received his share of the estate of my father, Lawrence Pilkington, at the time of my father's death, whereas my said brother, Walter, entrusted the care and custody of his own share of my father's estate to me, and now I, in turn, deem it right and fair that I should dispose of the said estate, as hereinabove provided."

The complaint further alleged that the defendant was Walter's attorney and that a confidential and fiduciary relationship existed between them; that the defendant assured Walter that he had a one-half, undivided interest in the trust estate of his sister and a right to dispose of it by will, and that a conflict of interest existed between the duties and obligations of the defendant in his capacity as trustee and his duties and obligations as executor of Walter's estate. It was also alleged that a confidential and fiduciary relationship existed between the plaintiff and the defendant and that the latter assured the plain-

tiff that, under Walter's will, she was entitled to one-half of the residue of the trust created by Eleanor. It was further alleged upon information and belief that the defendant converted assets of the trust estate to his own use.

The complaint requested that the final decree in case No. 58 C 13645 be modified or set aside, that an accounting be had and that the defendants be ordered to turn over to the plaintiff the property due her.

 A cause of action finally adjudicated by a court of competent jurisdiction cannot be relitigated by the parties or their privies except insofar as they may attack the judgment or decree by a direct appeal. Under the doctrine of res judicata, or estoppel by judgment, all matters which were or might have been determined in the first cause of action are barred by the prior adjudication. The corollary principle of collateral estoppel, or estoppel by verdict, arises when the subsequent cause of action differs from the one in the former suit, but is between the same parties or their privies. In such instances, the prior judgment operates as a bar only to those points and issues which were actually contested and determined and not to those which merely might have been. Schoenbrod v. Rosenthal, 36 Ill App2d 112, 183 NE2d 188 (1962); Kedzierski v. Kedzierski, 86 Ill App2d 264, 229 NE2d 919 (1967).

It is necessary then to compare the nature, purpose and allegations of the present complaint with the prior proceedings and those orders and decrees which the defendant contends conclude the plaintiff's action. The initial proceeding in 1958 was for the appointment of a successor testamentary trustee under the will of Eleanor Pilkington. The second was for the approval of the current accounts of the defendant Flacks from the time of his appointment as successor trustee until the death of Walter Pilkington. The third was the presentation of his final account and the fourth was the decree which dis-

tributed the funds in the trust, discharged the defendant and closed the testamentary trust. None of these proceedings involved the cause of action set forth in the present complaint and the matters at issue and determined were not the same.

The only issues determined in the 1958 proceeding were that the original trustee had died; that his receipts and expenditures were in order; that the assets of the trust were as stated in an accompanying schedule; that the defendant should be appointed successor trustee and that he should be relieved of all responsibility for the acts of his predecessor. None of these particulars are dispositive of the questions arising in the instant action which pertain to a breach of fiduciary and confidential relationships, the construction of Eleanor Pilkington's will and the ownership of the trust corpus.

The same is true of the defendant's current and final accounts. The only matters touched upon in the uncontested accounting proceedings were the validity of the receipts and expenditures of the defendant in his capacity as trustee. In no way did they deal with the ultimate ownership of the corpus of the trust or with the other issues raised in the plaintiff's complaint.

■■ The final decree of 1965 distributed the trust funds and terminated the trust. Again, the cause of action was different, the parties were different and the issues before the court were not identical to the ones now in controversy. The plaintiff was not made a party to that action either as an individual or as a successor in interest to Walter Pilkington, and Flacks was not a party-defendant. Although notice was given to Walter Pilkington's court-appointed conservator, neither the conservator nor his estate was made a party to the proceeding. If the proceedings leading up to the final decree, or the decree itself construed Eleanor Pilkington's will and the trust in a manner which foreclosed the plaintiff's present action, it was the defendant's obligation to prove that

this was so. This he did not do. It is always the burden of the party who relies upon res judicata or collateral estoppel to establish its applicability. Chicago Historical Society v. Paschen, 9 Ill2d 378, 137 NE2d 832 (1956).

 The motion of the defendant to dismiss admitted the well-pleaded factual allegations in the complaint. Curtis v. Albion-Brown's Post 590, American Legion of Illinois, 74 Ill App2d 144, 219 NE2d 386 (1966); Haney v. Haney, 37 Ill App2d 216, 185 NE2d 409 (1962). Although the allegations concerning both the existence and breach of fiduciary relationships were conclusionary in nature, the well-pleaded facts in the complaint were sufficient to require an answer by the defendant.

The order of the Circuit Court is reversed and the cause remanded with directions to overrule the defendant's motion to dismiss and to set a time within which he may file an answer.

Reversed and remanded with directions.

SCHWARTZ and SULLIVAN, JJ., concur.