LOUGHMAN CABINET CO., Plaintiff-Appellant, *v.* C. IBER & SONS, INC., Defendant-Appellee.

Third District   No. 76-94

Opinion filed March 31, 1977.

Tim Swain, II, of Swain, Johnson and Gard, of Peoria, for appellant.

John C. Mulgrew, Jr., of Davis and Morgan, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiff, Loughman Cabinet Company, a subcontractor for millwork, brought this action to recover damages for construction delays against defendant Iber & Sons, Inc., the general contractor for three new buildings at Illinois Central College in East Peoria, Illinois. Plaintiff sought recovery of $49,935.35 in increased costs incurred as a result of delays allegedly caused by defendant in failing to keep the work progressing so that plaintiff could complete its work by May 1, 1974, the time provided

for completion of construction.[1] Defendant's motion to dismiss was allowed by the trial court, and plaintiff appeals.

In paragraph 17 of count II of the complaint, plaintiff asserted, "Time was made of the essence in both the letter and spirit of the contract document, which governed the plaintiff \* \* \* and the defendant \* \* \* as referred to by reference in their contract, Exhibit B herein." Exhibit B is the purchase order which constituted the contract between plaintiff and defendant. That order specified that shipment or installation of millwork was "to be completed as required by job progress," and that plaintiff was to furnish all labor, material, and equipment to fabricate and install all millwork for the three buildings "in accordance with Plans and Specifications" prepared by the architect. The specifications were a part of the general contract which also provided for a 24-month completion period. Paragraph 19 of the "General Conditions" stated that the time for completion was of the essence, and that, if additional time was allowed for the completion of any work, the extended time would be of the essence. The owner and architect had express authority to extend the time for completion if the contractor or subscontractor were delayed by act or neglect of the owner or architect or their agents or by strikes, lockouts, fire or any other causes beyond the contractor's reasonable control. In addition, the contractor was not entitled to any damages from the owner on account of delays, except, as to delays caused by the owner, certain costs relating to equipment and extra bond premiums would be compensated.

Section 34 of the General Conditions required the contractor to insert provisions in all subcontracts to bind subcontractors to the contractor by the terms of the general conditions insofar as applicable to the work of subcontractors.

Defendant's motion to dismiss stated that the General Conditions were a part of the contract between plaintiff and defendant so that the provision of paragraph 19 permitting an extension of time for completion was binding upon plaintiff; that an 8-month extension of time to January 24, 1975, was granted by the architect pursuant to paragraph 19, and that construction was completed within the time limit as extended. As an alternate ground for dismissal, defendant asserted that, under the terms of a second purchase order, defendant has the same rights against plaintiff as the owner has against defendant, and under paragraph 19 the owner is not liable to defendant for delay damages; therefore defendant is not liable to plaintiff.

---

[1] These allegations were contained in count II of plaintiff's amended complaint. Count I, which alleged that $35,000 remained unpaid under the contract, is not involved in this appeal.

The second purchase order listed two items: the original millwork order totaling $131,000 and some additional work at a cost of $2,055. The form also stated, "The conditions on the reverse side of this sheet are a part of this order." On the reverse appeared nine paragraphs which provided, *inter alia,* that as to work covered by this purchase order, the subcontractor is bound to the contractor with the same obligations as the contractor assumed to the owner under the general agreement, and the contractor has the same rights against the subcontractor as the owner has against the contractor under the general agreement.

Defendant's motion was supported by the affidavit of its project engineer verifying that the delays which occurred were beyond defendant's control and that the extension granted was required because of delays totaling 309 days caused by strikes, severe weather, and material shortages.

The trial court's order dismissed the complaint with prejudice and found that plaintiff was barred from recovering delay damages by the terms of the contract and that there was no breach of the contract because construction was completed within the time limit as extended. Plaintiff appeals, contending that the complaint stated a cause of action.

Plaintiff contends that the law of Illinois recognizes an obligation on the part of the general contractor to keep construction work in such a state of forwardness as to enable the subcontractor to perform within the contractual time and that defendant failed to meet that obligation. (See *J. J. Brown Co. v. J. L. Simmons Co.* (1st Dist. 1954), 2 Ill. App. 2d 132, 118 N.E.2d 781; *Consumers Construction Co. v. County of Cook* (1st Dist. 1971), 1 Ill. App. 3d 1087, 275 N.E.2d 696; *Underground Construction Co. v. Sanitary District,* (1937), 367 Ill. 360, 11 N.E.2d 361, 115 A.L.R. 57.) Plaintiff also argues that the provisions of the second purchase order incorporating the terms of the general contract did not serve to modify its original subcontract and thus that the 24-month time limit remained in effect as to the first purchase order. In addition, it is contended that the provisions authorizing an extension of time and barring delay damages do not apply to the primary order.

Defendant responds that if the original contract between plaintiff and defendant, as set out in the first purchase order, did not make time of the essence and did not specify a 24-month period for completion, then plaintiff's argument must be based on an assumption that the second purchase order incorporated those provisions as to all of the work to be performed.

In that case all of the provisions of the general contract are applicable to plaintiff, including the provision barring liability for delay damages. Defendant also argues that delays were anticipated in the contract and

that the terms of the agreement provide no reasonable basis for any expectation on the part of plaintiff that the work could be done by a fixed time. See *J. F. Edwards Construction Co. v. Illinois State Toll Highway Authority* (3d Dist. 1975), 34 Ill. App. 3d 929, 340 N.E.2d 572.

Before resolving the issues presented on appeal, it is necessary to consider the procedural context of the cause before us. Defendant's motion to dismiss was pursuant to section 48 (1)(i) of the Civil Practice Act which provides:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand." Ill. Rev. Stat. 1975, ch. 110, par. 48.

■■■ The purpose of a section 48 motion is to afford a means of obtaining a summary disposition of issues of law or of easily proved issues of fact, which, if established by the record, enables the court to determine with reasonable certainty that the alleged defense exists. (*Stanley v. Chastek* (2d Dist. 1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.) A motion to dismiss under this section admits all allegations of fact which are well pleaded in the complaint. (*Logan v. Presbyterian-St. Luke's Hospital* (1st Dist. 1968), 92 Ill. App. 2d 68, 235 N.E.2d 851.) Where, as here, the movant files an affidavit and the other party does not file a counteraffidavit in response, the facts alleged in the affidavit must be taken as true. *D'Urso Wildheim* (1st Dist. 1976), 37 Ill. App. 3d 835, 347 N.E.2d 463.

■■ Applying these principles to the case at bar, we first note that plaintiff alleged that the "time is of the essence" provision of the General Conditions governed the contract between plaintiff and defendant. This allegation is in effect an admission that the terms of the general contract were incorporated into the first purchase order which required plaintiff to furnish millwork in accordance with the specifications in the general contract. Paragraph 19 of the General Conditions also permitted an extension of the construction period under certain circumstances, and a duly authorized extension of 309 days was made, as asserted in defendant's affidavit. Since the extension was granted for reasons beyond defendant's control, plaintiff can have no cause of action for damages based on allegations of defendant's failure to expedite the work properly. Under the pleadings, motion, and affidavit before the court, plaintiff

completed its work within the time period provided in the contract. Plaintiff is therefore not entitled to recover damages, and the trial court properly dismissed the complaint.

The order of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.