RUTH L. FOURNIER, Plaintiff-Appellant, *v.* 3113 WEST JEFFERSON PARTNERSHIP *et al.*, Defendants-Appellees.

Second District   No. 81-124

Opinion filed October 6, 1981.

John W. Werner, of Oak Brook, for appellant.

Robert S. Soderstrom, of McKenna, Storer, Rowe, White & Farrug, of Chicago, and John C. Norton, of O'Reilly and Cunningham, and Peregrine, Stime, Newman and Ritzman, Ltd., both of Wheaton, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Ruth L. Fournier, brought this action for injuries suffered as a result of a slip and fall at the Twin Oaks Shopping Center. She appeals from orders of the circuit court of Du Page County denying her motions to vacate summary judgments for defendant, Pepper Construction Company (Pepper), and Joliet Construction Company (Joliet), and judgment of dismissal for defendant, 3113 West Jefferson Partnership (3113).

Plaintiff filed a complaint on August 2, 1978, alleging that she sustained damages for personal injuries which occurred on August 4, 1976, due to the alleged defective design and construction of a wheelchair ramp at the shopping center. She named as a defendant, among others, Chicago Title and Trust Company (Chicago Title) as trustee for the legal ownership of the real property. Chicago Title was served with process on August 7, 1978. Suit was also brought against Pepper, the general contractor for construction of the shopping center, and Joliet, a subcontractor for the construction of the ramp and sidewalk.

Chicago Title and Trust Company moved for summary judgment, alleging that as trustee it had no beneficial or possessory interest in the land and did not own or operate the premises as stated in the complaint. On July 13, 1979, the court granted the motion. Then on December 5, 1979, plaintiff filed an amended complaint which added 3113 as a defendant. 3113 moved to dismiss the amended complaint on the ground that the statute of limitations had expired. Pepper and Joliet filed motions for summary judgment, alleging, *inter alia*, that the general rule is that independent contractors are discharged for liability for the construction of premises once the work is completed and accepted by the owner. The trial court granted the motion to dismiss in favor of 3113. It also allowed summary judgment in favor of Pepper and Joliet. No just reason for delay in the enforcement or appeal of these orders was found. Plaintiff's motion to vacate the summary judgments and the dismissal was denied, and she has appealed.

Plaintiff contends that the trial court erred in applying the accepted work doctrine created by the Illinois Supreme Court in *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275. The *Paul Harris* court held that "where an independent contractor is employed to construct or install any given work or instrumentality, and has done the same and it has been accepted by the employer and the contractor discharged, he is no longer liable to third persons for injuries received as the result of defective construction or installation." (10 Ill. 2d 28, 40, 139 N.E.2d 275, 282-83.) Three exceptions to the rule of nonliability were recognized in *Paul Harris*:

> "(1) where the thing dealt with is imminently dangerous in kind, such as explosives, poisonous drugs, and the like, (2) where the subject matter of the contract is to be used for a particular purpose, requiring security for the protection of life, such as a scaffold, and (3) where the thing is rendered dangerous by a defect of which the constructor knows but deceitfully conceals, and which causes an accident when the thing is used for the particular purpose for which it was constructed." (10 Ill. 2d 28, 40, 139 N.E.2d 275, 282-83.)

Plaintiff has attempted to avail herself of all three exceptions. But she failed to present to the trial court the argument that the facts of this case fall within the second and third exceptions. Therefore, we need only deal with the issue of whether the wheelchair ramp in question was imminently dangerous in kind. *Bansch v. Donnelly* (1979), 77 Ill. App. 3d 922, 396 N.E.2d 869.

The *Paul Harris* doctrine has metamorphosed since its inception. The general rule of nonliability for independent contractors was a corollary to the doctrine of privity of contract. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) As the shield of privity has eroded (see *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182), likewise has the accepted work doctrine been more honored in its exceptions than its general application. (See *Johnson v. Equipment Specialists, Inc.* (1978), 58 Ill. App. 3d 133, 373 N.E.2d 837.) The supreme court in *Hunt v. Blasius* synthesized the development of this area of tort law and concluded that the general rule of nonliability had been discarded.

Instead, *Hunt* examined the liability of an independent contractor under traditional negligence principles. *Hunt* held:

> "Liability in negligence arises only if the independent contractor has breached a duty owed to persons whose injuries proximately resulted from the breach.* * *
>
> An independent contractor owes no duty to third persons to judge the plans, specifications or instructions which he has merely contracted to follow. If the contractor carefully carries out the specifications provided him, he is justified in relying upon the adequacy of the specifications unless they are so obviously dangerous that no competent contractor would follow them." (74 Ill. 2d 203, 209, 384 N.E.2d 368, 371.)

The trial court's granting of summary judgment in *Hunt* was affirmed since the complaint failed to allege that the specifications were so flawed that the independent contractor-defendant should have been put on notice that the product was dangerous and likely to cause injury.

The plaintiff in the case at bar alleged that the wheelchair ramp which caused her injury was placed perpendicular to the sidewalk and was designed and constructed with a sloping surface lower than the surface of the sidewalk to which the ramp was transverse. She further averred that the defendants, including Pepper and Joliet, were negligent in one or more particulars: (1) negligent design and construction of the ramp transverse to the path of travel on the sidewalk, (2) negligent location of the ramp, (3) negligent failure to mark the location of the ramp, (4) negligent failure to warn plaintiff of the existence and location of the ramp, and (5) negligent failure to erect a barrier along the sides of the ramp.

■■ It is clear that these allegations fail to meet the requirement of *Hunt*.

There is no allegation that the specifications should have put the contractors-defendants on notice that the project was dangerous. Neither are the facts such that a court might infer that the specifications "were so glaringly dangerous" that Pepper and Joliet should have refrained from complying with them. (*Hunt*, 74 Ill. 2d 203, 210, 384 N.E.2d 368, 371.) We hold that no duty was owed by Pepper and Joliet to third-party plaintiffs. Therefore, the trial court properly granted summary judgment in their favor.

Plaintiff next contends that the trial court erroneously dismissed her complaint against 3113 for her failure to comply with section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(4)). We disagree. Section 46(4) provides:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute * * * limiting the time within which an action may be brought or right asserted, if *all* of the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (d) *the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him*; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading * * *." (Emphasis added.)

■■ Service of summons was not had upon Chicago Title until August 7, 1978, over two years beyond the date the cause of action occurred. Our courts have consistently held that in order to come within the scope of the section the proper party who is joined after the limitations period must have acquired the requisite knowledge, within the limitations period. (*Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143.) Even if we were to assume that Chicago Title, immediately upon being served, notified 3113 of the complaint, that knowledge would come too late for compliance with section 46(4). The argument that knowledge is presumed from the date of the filing of the original complaint without regard to the date defendant is served has been rejected by the courts. (See *Jackson*.) Thus the trial court acted properly in dismissing 3113.

Plaintiff further argues that it is sufficient that agents of the defendant knew of her injury and of her intent to sue prior to the running of the period. But section 46(4) requires knowledge "that the action is pending" and clearly contemplates more than an awareness that an action may be pursued at some future point.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

VAN DEUSEN and NASH, JJ., concur.