CARLICE FOSTER, Plaintiff-Appellant, v. VICTOR LEONG *et al.*, Defendants-Appellees (Gladys Joniak, Indiv. and d/b/a Lotus Restaurant, Defendant).

First District (4th Division)   No. 84—2857

Opinion filed December 19, 1985.

Alan M. Katz & Associates, of Chicago (Alan M. Katz and Gregory R. Sun, of counsel), for appellant.

Sherwin Greenberg, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The complaint of the plaintiff, Carlice Foster against the defendants, Victor and Dorothy Leong was dismissed because it was filed beyond the applicable statute of limitations. (Ill. Rev. Stat. 1983, ch. 110, par. 13—202.) The plaintiff contends that since the Leongs were beneficiaries of a land trust and the complaint against the land trustee was filed within the statute of limitations the amendment to the complaint naming the Leongs relates back to the date of the filing of the original complaint against the land trustee. The plaintiff asserts that she has complied with the requirements of section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)), which allows an amendment adding a person as a defendant to relate back to the date of the filing of the original pleading.

The plaintiff sustained injuries when she slipped and fell on August 14, 1981, on the premises of the Lotus Restaurant. Suit was filed two years later, on August 11, 1983. Named as a defendant was the

Exchange National Bank of Chicago as land trustee. Exchange was served with process on August 17, three days after the statute of limitations expired. Exchange revealed the identity of the Leongs as the beneficiaries and the land trustee was dismissed. The plaintiff then filed an amended complaint naming the Leongs as defendants. The Leongs moved to dismiss the amended complaint on the basis that it was not filed within the applicable two-year statute of limitation for personal injury actions. (Ill. Rev. Stat. 1983, ch. 110, par. 13—202.) Attached to their motion to dismiss was an affidavit in which the Leongs asserted that their first knowledge of the lawsuit was on August 30, 1983, when the trustee sent them a copy of the summons and original complaint served on it.

The sole issue on appeal is whether the plaintiff complied with the requirements of section 2—616(d) in order for her amended complaint to relate back to the time of the filing of the original complaint. This provision permits an individual not originally named as a defendant to an action to be added as a party after the statute of limitations has run if five conditions are met. The only condition in issue is subsection (4). Section 2—616(d) provides:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) *the person within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her*; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the

right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d).

The plaintiff maintains that the Leongs gained the requisite knowledge that the "original action was pending" before the statute of limitations had run because the plaintiff had been negotiating with the Leongs' insurer prior to the filing of the original complaint. According to the plaintiff, knowledge of a *potential* suit involving the Leongs is sufficient to comply with the requirements of section 2—616(d)(4).

The Leongs dispute the assertion that they first gained knowledge of the original complaint through purported negotiations of their insurer with the plaintiff. Despite this argument, they respond that the case of *Fournier v. 3113 West Jefferson Partnership* (1981), 100 Ill. App. 3d 820, 427 N.E.2d 408, is dispositive of this issue. *Fournier* presents a factual setting identical to the instant case. In *Fournier*, the plaintiff had filed his original complaint against the trustee of a land trust two days before the expiration of the applicable statute of limitations. The trustee was not served until after the limitations period had expired. Relying upon section 2—616(d)(4), the reviewing court refused to allow a later amendment adding the land trust beneficiary to relate back to the time of the filing of the original complaint. The court held that in order to come within the scope of section 2—616(d)(4) the mere filing of the original complaint against the land trustee did not give the beneficiary knowledge within the statute of limitations that the "original action was pending." 100 Ill. App. 3d 820, 823.

The court further held that it is insufficient that agents of the beneficiary knew of the plaintiff's injury and her intent to sue prior to the expiration of the limitations period. In rejecting the identical argument the plaintiff makes in the present case, the court in *Fournier* stated that knowledge that the "original action was pending" requires "more than an awareness that an action may be pursued at some future point." (*Fournier v. 3113 West Jefferson Partnership* (1981), 100 Ill. App. 3d 820, 824, 427 N.E.2d 408.) Consequently, in the instant case, neither the mere filing of the complaint against the land trustee nor the awareness of the defendants of the plaintiff's potential suit is sufficient knowledge to come within the terms of section 2—616(d)(4).

Therefore, dismissal of the plaintiff's amended complaint was proper.

We view with concern, as the trial court did, the inherent procedural disadvantage a plaintiff must labor under in filing suit against a land trust beneficiary. Prior to the amendment of section 2—616(d)(3), a plaintiff who sued and served a land trustee within the statute of limitations was barred from bringing an action after the limitations period had run against the beneficiary. Section 2—616(d)(3) was specifically amended to eliminate that injustice by allowing the service on the land trustee within the statute of limitations to be effective in bringing a subsequent action against the beneficiary after the statute had run. (Ill. Ann. Stat., ch. 110, par. 2—616, Historical & Practice Notes, at 529 (Smith-Hurd 1983).) However, as the statute is presently set up under section 2—616(d)(4), a land trustee sued within the statute of limitations but served after the statute has expired does not necessarily satisfy the requirement of section 2—616(d)(4) that the beneficiary knew that the "original action was pending" within the statute of limitations period. The mere filing of a suit against a land trustee is not sufficient for the beneficiary to know that the action was pending. In effect, the section imposes an additional requirement on a plaintiff in that suit must not only be filed within the statute of limitations but service must be had upon the land trustee within the limitations period. We believe that this result unfairly penalizes the plaintiff bringing an action against a land trust beneficiary. Although not present here, the injustice would be compounded in the event the land trustee was an individual and not as readily available for service as a corporate trustee. While this court is bound by the provisions of section 2—616(d), we urge that this section be amended so that the naming of the land trustee in effect names the beneficiary.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.