JAMES BERKEY, Plaintiff-Appellant, v. TREASURE ISLAND FARMERS MARKET, INC., Defendant-Appellee.

Third District   No. 3—87—0794

Opinion filed July 13, 1988.

Fritzshall & Gleason, of Chicago (Rick Gleason, of counsel), for appellant.

Garrison, Fabrizio & Hanson, Ltd., of Joliet (James Fabrizio, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

On January 31, 1986, James Berkey, the plaintiff, filed a complaint in the circuit court of Will County in which he alleged that he received personal injuries on May 12, 1984, while he was an invitee on property operated by a mobile home court. The case was given the number 86—L—88 and was captioned "James Berkey v. Art Hammel, Individually, and d/b/a Treasure Island and Patrick McKanna."

Service of summons was effected upon Art Hammel on February 14, 1986. Hammel filed his appearance on March 13, 1986, and answered on April 7, 1986.

On May 5, 1986, plaintiff amended his complaint by adding as defendant "Union National Bank and Trust Company as T/U/T No. 534." The defendant bank filed its appearance on August 7, 1986.

Service of summons was effected upon defendant McKanna on June 25, 1987.

During the course of taking a discovery deposition of Art Hammel on August 7, 1987, the plaintiff learned that Treasure Island Farmer's Market, Inc., operates Mobile Home Park.

The case was scheduled to go to trial on August 10, 1987. On this date all parties presented pretrial motions to the court. The plaintiff moved to substitute Treasure Island Farmers' Market, Inc., for defendant Art Hammel. The trial court denied the motion. The trial court subsequently dismissed defendant Patrick McKanna pursuant to Supreme Court Rule 103(b) (107 Ill. 2d 103(b)), which authorized dis-

missal for lack of diligence in obtaining service. The trial court then granted summary judgment in favor of defendants Art Hammel and Union National Bank and Trust Company on the grounds that they were not proper parties to plaintiff's case.

Plaintiff on August 13, 1987, filed a new action in the circuit court of Will County in which he named Treasure Island Farmer's Market, Inc., as defendant. This case was given number 87—L—616. The defendant Treasure Island filed a motion to dismiss case No. 87—L—616 on the ground that plaintiff had failed to comply with the two-year statute of limitations period. The court granted the motion to dismiss on October 29, 1987. It is from this dismissal order in case No. 87—L—616 that plaintiff appeals.

The thrust of plaintiff's argument in this appeal is that section 2—616 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)) provides the authority to file a new case after the statute of limitations has run and that the cause of action asserted in the new case will relate back to his original complaint. We disagree.

The plaintiff, after failing to prevail in case No. 86—L—88, argues that he can file a new case, to wit, No. 87—L—616, and that the latter case relates back to the cause of action which was alleged in the first case, to wit, No. 86—L—88. Plaintiff relies on section 2—616(d) of the Code of Civil Procedure by arguing that such section permits the filing of a new suit and permits it to relate back to a prior case. Ill. Rev. Stat. 1985, ch. 110, par 2—616(d).

■ The plaintiff misconstrues section 2—616(d). The statute is titled "Amendments" and is concerned only with amendments and when they should be permitted. The section sets forth five conditions which must be met before a party is permitted to amend his pleading and thereby prevent the barring of his cause of action by lapse of time under any statute or contract prescribing a limiting time within which an action may be brought or right asserted.

There are no provisions, nor was it intended that there be provisions, in section 2—616(d) which would permit the filing of successive lawsuits. By asserting that section 2—616(d) applies to successive lawsuits plaintiff ignores the plain language of the statute, which states, "For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

■ Plaintiff's first case (No. 86—L—88) was not dismissed on a procedural technicality; rather, a summary judgment was entered after the plaintiff had sought leave to amend under section 2—616(e),

70

which was denied by the trial court. Plaintiff elected not to appeal the trial court's ruling. Any attempt to appeal at this late date would be barred as untimely; hence, the trial court's orders in case No. 86—L—88 are dispositive of plaintiff's cause of action.

■ The defendant Treasure Island advances the further argument that plaintiff's second action (No. 87—L—616) is barred under the doctrine of *res judicata*. We agree. The trial court's order of summary judgment in the first case (No. 86—L—88) was a final adjudication of the same issue which plaintiff now raises on appeal. The issue cannot be raised in this court because plaintiff failed to take an appeal from the final judgment in the 1986 case (No. 86—L—88). See *Schoenbrod v. Rosenthal* (1962), 36 Ill. App. 2d 112, 183 N.E.2d 188.

For the reasons set forth, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.