JOSE SANCHEZ, Plaintiff-Appellant, v. ACCESS ASSOCIATES *et al.*,
Defendants-Appellees.

First District (4th Division) No. 88—0188

Opinion filed February 16, 1989.

Eileen Kavanagh, of Chicago (J. Dillon Hoey, P.C., of counsel), for appellant.

Orner & Wasserman, Ltd., of Chicago (Esther Joy Schwartz and Helen Wong Mehok, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Jose Sanchez, brought an action in the circuit court of Cook County against defendants Access Associates, a limited partnership; Pablo Angeles and Carlito Soriaga, as individuals and as partners of Access Associates; and other unknown general partners of Access Associates. Plaintiff is a tenant in an apartment building that is held in trust for the benefit of defendants. Plaintiff sought damages

for injuries that he sustained in falling down a flight of stairs in the building.

The trial court dismissed plaintiff's amended complaint, ruling that the statute of limitations barred the action. Plaintiff appeals, contending that the trial court erred in dismissing the complaint.

We affirm the order of the trial court.

BACKGROUND

■ The trial court dismissed the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)). A section 2—619 motion to dismiss admits all well-pled facts contained in the complaint. *Loughman Cabinet Co. v. C. Iber & Sons* (1977), 46 Ill. App. 3d 873, 876, 361 N.E.2d 379, 382.

In his original complaint, plaintiff named as defendants the Devon Bank, as trustee under trust No. 4074, and the unknown beneficiaries of the trust. Plaintiff alleged that he was a tenant in an apartment building which the unknown beneficiaries were empowered to control and manage. On November 21, 1983, he fell down a stairway in a common area of the building. He further alleged, essentially, that the beneficiaries owed him a duty to maintain the stairway in a safe condition, they breached their duty by allowing the stairs to become unsafe, and that his injuries were the proximate result of their negligence.

Plaintiff filed his original complaint on November 20, 1985, almost exactly two years after being injured. However, the bank trustee was served with process on November 26, several days after the two-year statute of limitations expired. (See Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) At that time only the bank was served with process, as plaintiff did not know the identity of the trust beneficiaries.

The bank moved to dismiss itself from the action. The bank contended that, on the date of the injury, its sole responsibility regarding the building was to hold legal title to the property, subject to the beneficiaries' direction to convey. The bank did not exercise any of the incidents of ownership, management or control. Additionally, the bank revealed the identity of the trust beneficiaries: Access Associates, a limited partnership; and the partners, Angeles and Soriaga. The trial court granted the bank's motion to dismiss it from the action. The court granted plaintiff leave to file an amended complaint naming the beneficiaries as defendants.

On March 14, 1986, plaintiff filed his amended complaint. The named defendants were all served with process by April 5, 1986.

Defendants subsequently moved the trial court to dismiss the

action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5).) Noting that plaintiff filed his amended complaint more than two years after the expiration of the statute of limitations, defendants argued that the action was time barred. Additionally, defendants noted that they had no actual knowledge of the injury.

On December 3, 1987, the trial court granted defendants' motion to dismiss. Plaintiff appeals.

OPINION

I

■■ The parties agree on several preliminary matters. Absent other considerations, this lawsuit is time barred. The action arose on November 21, 1983. Plaintiff filed his amended complaint, naming the present defendants, on March 14, 1986, long after the expiration of the limitations period. However, section 2—616(d) of the Code of Civil Procedure allows a plaintiff to add a defendant to the action after the statute of limitations has run; the amendment relates back to the date of the filing of the original complaint. Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

The parties also agree that section 2—616(d), standing alone, cannot save the amended complaint. The provision grants the relation-back relief only if five conditions are met. Section 2—616(d) provides in pertinent part:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon *** a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) *the person within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending* and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to

allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

■■ This court has held that the mere filing of the original complaint against a land trustee does not give a land trust beneficiary knowledge of the lawsuit within the limitations period. Rather, service of process must be had upon the trustee within the limitations period, or the beneficiary must have otherwise gained the requisite knowledge within the limitations period. *Foster v. Leong* (1985), 139 Ill. App. 3d 492, 494-95, 487 N.E.2d 995, 996-97, relying on *Fournier v. 3113 West Jefferson Partnership* (1981), 100 Ill. App. 3d 820, 823, 427 N.E.2d 408, 411.

■■ The original complaint in the case at bar was filed against the bank alone and only a few days prior to the expiration of the limitations period. The bank was not served with process until after the limitations period expired. Further, defendants swore in their affidavits that they had not otherwise gained any knowledge of the lawsuit until they were served with process, well after the limitations period expired. Since plaintiff failed to meet the fourth requirement of section 2—616(d), he cannot avail himself of its relation-back relief. Consequently, absent other considerations, his amended complaint is time barred.

## II

The sole issue on appeal is whether an amendment to section 2—616 applies to the case at bar. The trial court dismissed the amended complaint on December 3, 1987. However, the General Assembly had amended section 2—616 effective November 23. (1987 Ill. Laws 3802, 3830-31.) The legislature added a subsection (e), which provides as follows:

"(e) A cause of action against a beneficiary of a land trust not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the cause of action arises from the ownership, use or possession of real es-

tate, record title whereto is held by a land trustee; (2) the time prescribed or limited had not expired when the original action was commenced; (3) the land trustee of record is named as a defendant; and (4) the plaintiff proceeds with reasonable diligence subsequent to the commencement of the action to serve process upon the land trustee, to determine the identity of the beneficiary, and to amend the complaint to name the beneficiary as a defendant." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(e).

■ Plaintiff contends that subsection (e) applies to the case at bar. However, it has long been the law in Illinois that the statute of limitations in force at the time a cause of action arises governs the time within which the action will lie. (*Beesley v. Spencer* (1860), 25 Ill. 199.) Further, our courts have held that the right to raise the bar of the statute of limitations after the limitations period has expired, as a defense to a lawsuit, is a vested right that a statute cannot take away, regardless of the nature of the cause of action. (*Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 428, 240 N.E.2d 612, 615.) In other words, a statutory amendment enacted subsequent to the accrual of a cause of action, which extends the time of filing a lawsuit, will not be applied retroactively to revive a cause of action previously barred. *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 163, 380 N.E.2d 782, 783.

In the case at bar, the action arose on November 21, 1983. Section 2—616(e) did not exist until November 23, 1987, well after the accrual of the cause of action. Thus, based on the above principles, the trial court was correct in refusing to apply section 2—616(e) to this case.

While acknowledging the above principles, plaintiff contends that they do not apply to the instant case. He argues that subsection (e) was not an amendment to section 2—616 changing the provision. Rather, plaintiff contends that subsection (e) was merely a clarification of section 2—616(d). Since subsection (e) was not a new law, but rather only a clarification of an existing statutory provision, it applies to the present case.

■ The general rule is that a statutory amendment creates a presumption that the legislature intended the amendment to change the law as it formerly existed. However, this principle is not controlling and may be overcome by more persuasive considerations. (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 69, 382 N.E.2d 784, 789.) In *Wilbon,* for example, our supreme court held that where the legislature enacted a statutory provision approximately five months after an

appellate court decision, the legislation was a clarification of the law as it existed and not a new amendment changing the law. Thus, the rule prohibiting retroactive application of statutory amendments did not apply. *Wilbon,* 73 Ill. 2d at 73, 382 N.E.2d at 790.

Such considerations are not present in the case at bar. In *Foster v. Leong,* we urged the legislature to amend section 2—616(d) so that the naming of the land trustee in effect names the beneficiary. (*Foster,* 139 Ill. App. 3d at 495, 487 N.E.2d at 997.) The opinion in *Foster* was filed December 19, 1985. Section 2—616(e) was added by Public Act 85—907, which was introduced on March 4, 1987. (85th Ill. Gen. Assem., House Bill 474, 1987 Sess.; 85th Ill. Gen. Assem., House Proceedings, March 4, 1987, at 300.) Thus, over a year elapsed between our decision in *Foster* and the introduction of the legislation. Additionally, *Fournier,* upon which we relied in *Foster,* was decided in 1981. Thus, approximately six years elapsed between our decision in *Fournier* and the introduction of the legislation. The rule developed in *Fournier,* and relied upon in *Foster,* was settled law by the time Public Act 85—907 was introduced. If, as plaintiff contends, the court misinterpreted the legislative intent in those decisions, the legislature would have acted much sooner than it did.

We conclude that this record presents no considerations that are sufficiently persuasive to overcome the presumption that section 2—616(e) changed the law as it formerly existed and, accordingly, we uphold the trial court's dismissal of the amended complaint.

For the foregoing reasons, the order of the circuit court of Cook County, which dismissed plaintiff's amended complaint, is affirmed.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.